SYLVESTER EMMONS, Plaintiff in Error, *v.* OTHO BISHOP, Defendant in Error.

ERROR TO ADAMS.

The unsuccessful party in an action of ejectment, is entitled, as in other civil cases, to a new trial for sufficient legal cause; in addition to this common law right, he may have a new trial, under the statute, without showing any cause therefor; but to secure the benefit of the statutory right, he must, as a condition precedent, pay the costs and damages, and apply to the court in session for a new trial within one year from the rendition of the judgment.

The year within which the party must make his application for a new trial, commences to run from the day the judgment is entered, and not from the last day of the term.

The application for a new trial must be made to the court; the filing of a petition for that purpose with the clerk, is not within the meaning of the statute.

THE motion for a new trial in this cause was denied by O. C. SKINNER, Judge, at November term, 1851, of the Adams Circuit Court. The bill of exceptions taken by the plaintiff in error, shows that on the 30th day of September, A. D. 1851, he filed his petition in the Adams Circuit Court, setting forth that on the 17th day of October, A. D. 1850, judgment was rendered in said court against him in favor of Otho Bishop, in an action of ejectment then pending in said court, wherein he was plaintiff, and said Bishop was defendant, and that all the costs in the cause, together with the damages recovered therein, have been paid; praying that the judgment might be vacated, and a new trial granted. Proof was made of the payment of the costs and damages. He also proved by the records of the court, that the last day of the term at which said judgment was rendered, was on the 30th day of October, A. D. 1850, and that the first day of the term, at which the motion for a new trial was made, was the 20th day of October, A. D. 1851.

The motion for a new trial, and for leave to redocket the cause, based upon the petition, was made on the 21st day of October, 1851. The petition was filed with the clerk of the court during vacation. There had been a term of the court in the interim, between that at which the judgment was rendered, and that at which the motion was made.

WARREN and EDMONDS, for plaintiff in error.

BROWNING and BUSHNELL, for defendant in error.

TREAT C. J.   Emmons brought an action of ejectment against Bishop. It was submitted to the court for trial, on the 17th of October, 1850. On the same day the court found the issue against the plaintiff, and rendered judgment in favor of the defendant. The last day of that term of the court was the 30th of October, 1850. A term of the same court was held in June, 1851. On the 30th of September, 1851, the plaintiff paid all the costs that had accrued in the case, and filed with the clerk a petition to the court for a new trial under the statute. The next term of the court commenced on the 21st of October, 1851. During that term, the plaintiff moved the court to vacate the judgment, and grant a new trial. The motion was denied, and a bill of exceptions taken.

The statute declares, that "Every judgment in the action of ejectment rendered upon a verdict, shall be conclusive as to the title established in such action upon the party against whom the same is rendered, and against all persons claiming from, through, or under such party, by title accruing after the commencement of such action, subject to the exceptions hereinafter named. The court in which such judgment shall be rendered, at any time within one year thereafter, upon the application of the party against whom the same was rendered, his heirs or assigns, and, upon the payment of all costs and damages recovered thereby, shall vacate such judgment, and grant a new trial in such cause." R. S. ch. 36.

The unsuccessful party in an action of ejectment, as in other civil cases, is entitled to a new trial for sufficient legal cause, such as an erroneous ruling of the court in the admission or exclusion of evidence, a misdirection of the court to the jury, or a finding of the jury contrary to the evidence. In addition to this common law right, he may have a new trial under the statute, without showing any cause therefor. And he need not avail himself of this provision of the statute, so long as he can obtain a new trial on other grounds. In order to secure the benefit of the statute, he must pay the costs and damages, and apply to the court for a new trial within one year from the rendition of the judgment. These acts are to be performed as conditions precedent. Upon such an application, a new trial is ordered as a matter of course. The court has no discretion to exercise. It has only to inquire whether the costs and damages are paid, and whether the year has expired. It is too late to make the application after the expiration of the year. The court has, then, no power to grant it. This privilege of a new trial is conferred on the party as a matter of grace and favor, and he must insist upon it within the time

specified. He must ask for and obtain a new trial within the year. If he does not, he waives the benefit of the statute. He may take a new trial at the term in which the judgment is entered; and if he omits to do it, he runs the risk of not having another opportunity during the year.

In this case, the motion for a new trial was not made until after the year had expired. The year commenced running from the day the judgment was entered, and not from the last day of the term. The filing of the petition with the clerk was not an application to the court, within the intent of the statute. The application should have been made during the term at which the judgment was rendered, or at the June term following.

The judgment is affirmed.

*Judgment affirmed.*