THOMAS F. GOODHUE, Appellant, v. FREDERIC BAKER, Appellee.

APPEAL FROM JO DAVIESS.

Uncontradicted proof that the defendant in an action of ejectment, commenced building a brick house on the premises, in 1848, and that he and his family had resided in the same since 1849 or 1850, the trial taking place in 1858, is sufficient evidence of possession at the time the suit was brought, which was in September, 1856.

A verdict in ejectment which finds the defendant guilty, and the estate established in the plaintiff to be an estate in fee, is responsive to the issue, and is sufficient.

The motion for a new trial in ejectment, upon common law grounds, may be granted, but if applied for under the statute, the conditions required must be complied with.

THIS was an action of ejectment by appellee against appellant, for the recovery of Lot 5, Block 14, in Freeport, Stephenson county, Illinois. The cause originated in Stephenson county, but went to Jo Daviess county, by change of venue. The action was commenced on the 12th September, 1856. The cause was tried on the 11th March, 1858, and a verdict had in behalf of the appellee. The appellant moved for a new trial and in arrest of judgment, and also in the course of the trial, objected to certain evidence offered by the appellee. The motions and objections offered by the appellant were overruled by the court, and a judgment rendered upon the verdict aforesaid.

The appellant reserved the objections by a bill of exceptions, and prosecutes this appeal to reverse the judgment aforesaid.

Upon examining the record one error alone is believed to be tenable, to wit: The verdict was insufficient to warrant the judgment below. The declaration is for lot 5, in block 14, town of Freeport, county of Stephenson, State of Illinois.

The verdict of the jury was and is in these words: "We, the jury, find the defendant guilty, and the estate established in the plaintiff to be an estate in fee." The appellant having moved an arrest of judgment, presents the question to this court as to the sufficiency of the verdict aforesaid.

Errors assigned: the said Circuit Court erred in overruling the said appellant's motion, in arrest of the judgment aforesaid; the court also erred in overruling the appellant's motion for a new trial.

R. S. BLACKWELL, and J. MARSH, for Appellant.

LELAND & LELAND, for Appellee.

WALKER, J. It is urged by appellant, that the evidence fails to show that he was in possession of the premises when the suit was brought, and that a new trial should for that reason, have been granted. The first witness called testified, that appellant commenced building a brick house on the premises in 1848, and had resided in the same with his family, since 1849 or 1850. The declaration and notice, were served on the 12th day of September, 1856, and the trial was had at the May term, 1858, which resulted in a verdict and judgment in favor of appellee. We are at a loss to perceive why this objection is urged, as there can be no question, that this was evidence of possession at the time the suit was instituted, and it stands uncontradicted by any other evidence in the case. Under it the jury could not have done otherwise than find that appellant was in possession.

It is again insisted that the verdict of the jury was insufficient to warrant the court in rendering a judgment of recovery upon it. It was as follows: " We, the jury, find the defendant guilty, and the estate established in the plaintiff to be an estate in fee." This verdict may not be in form, and if not so, is it substantially good ? The declaration alleges that the defendant entered into and unlawfully withheld the premises from the plaintiff. To this declaration, the defendant by his plea, says he is not guilty. And the jury by their verdict, find that he is guilty. This portion of the verdict is responsive to the issue, and covers the whole of it, and is as good as if it had in terms found him guilty in manner and form as alleged in the declaration, and no other inference can be drawn. They found him guilty of what ? Of the unlawful withholding the premises described in the declaration. It could have been of no other charge, as this one was what they were sworn to try, and we cannot presume that they found him guilty of any other charge.

The question is also presented, whether the finding of the estate of the plaintiff is under the statute sufficient. The seventh clause of the twenty-fourth section of the third division of the chapter entitled " Civil Procedure," (Scates' Comp. 215,) provides, that, " The verdict shall also specify the estate which shall have been established on the trial, by the plaintiff in whose favor it shall be rendered, whether such estate be in fee, for his own life," etc. This verdict is not in the precise language of the statute, but it finds " the estate established in the plaintiff to be an estate in fee," and certainly complies substantially with this requirement. It is true that it does not in terms say, that they find the plaintiff's estate in the premises claimed in the declaration to have been established to be a fee. But it is as explicit as if it had. They find his estate established to be a fee. What estate ? Why his estate in the premises, the title

of which they were then trying. They could not have referred to any other. The verdict was spoken in response to the issue they had been sworn to try, and is, we think, substantially sufficient.

It is urged that the court erred, in not granting a new trial under the statute. The thirtieth section of the same chapter provides, that " The court in which such judgment shall be rendered, at any time within one year thereafter, upon the application of the party against whom the same was rendered, his heirs or assigns, and upon the payment of all costs and damages recovered thereby, shall vacate such judgment and grant a new trial, in such cause ; and the court, upon subsequent application made within one year, after the rendering of the second judg-·ment in said cause, if satisfied that justice will thereby be promoted and the rights of the parties more satisfactorily ascertained and established, may vacate the judgment, and grant another new trial ; but no more than two new trials shall be granted under this section." The record in this case shows but one trial, and it is under the first clause, that it is urged that the court should have allowed the motion. But according to the terms of the statute, the application must be made to the court within one year, from the rendition of the judgment, and as a condition precedent, all costs and damages recovered by the judgment must be paid, to authorize the court to grant a new trial under its provisions. This record contains no evidence that the costs were paid, or that the application was intended to be made under the statute ; but on the contrary, the reasons assigned on the motion were upon common law grounds. This section does not take away the right of the court, to grant a new trial as at common law, when there are grounds for it, and this application was evidently intended as such when it was made and determined, and as we have seen, they were not sufficient to require the court to grant the new trial.

The judgment of the court below is affirmed.

*Judgment affirmed.*