## William Oetgen *et al.*
### *v.*
### John W. Ross *et al.*

1.　Ejectment — *setting aside judgment under the statute.*　The plaintiff in an action of ejectment obtained a judgment by default on the 21st of March, 1860. On the 21st of March, 1861, the defendant moved to set it aside under the statute, and on the 26th of March, 1861, the court allowed the motion, and made a minute of the order on the judge's docket, but it was not entered of record.　The costs were not paid by the defendant until May 7, 1861, after the close of the term.　At the March term, 1864, the court directed the order of March term, 1861, to be entered on the record *nunc pro tunc.*　*Held,* that the record was properly amendable bv the judge's minutes, and that the order set-

ting aside the default was to be considered as made on the 26th of March, 1861, but it being an absolute order, and the costs not having been paid as required by the statute, the court had no power to make it.

2. PRACTICE — *setting aside default.* While, as a general rule, the setting aside a default by the Circuit Court is not the subject-matter of review in this court, yet this court will examine the question whether the Circuit Court has gone beyond its jurisdiction.

3. SAME. The payment of costs is a condition precedent to an absolute order setting aside a default in an action of ejectment, on an application under the statute.

APPEAL from the Circuit Court of Cass county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was an action of ejectment, brought by the appellees against the appellants. The only point considered in this court was the action of the Circuit Court in setting aside a former judgment by default, and the facts are fully stated in the opinion.

Mr. DAVID A. SMITH, for the Appellants.

Mr. MURRAY McCONNEL, for the Appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This case comes before the court upon an agreed state of facts, and, by consent of parties, cross-errors are assigned. In the view we have taken of it, only the following facts are material.

The appellees brought an action of ejectment against the appellant, Zimmer, and recovered judgment against him by default on the 21st of March, 1860. On the 20th of March, 1861, Zimmer executed a power of attorney to his co-appellant, Oetgen, authorizing him to move to set aside said judgment, and on the 21st of March, 1861, he made said motion, and also moved to be allowed to join in the defense as landlord of Zimmer. The motion was allowed by the court on the 26th of March, 1861, and so minuted on the judge's docket, but the order was not entered in the records of the court. The costs,

however, were not paid by Oetgen until May 7, 1861, and after the close of the term. The cause stood until the March term, 1864, when the order of the March term, 1861, was directed to be entered upon the records, *nunc pro tunc*, and the case was heard by the court, and judgment given for the plaintiffs below, appellees here.

We do not pass upon the questions raised by the appellants in regard to the validity of the respective titles, as the cross-error, in which objection is taken to the foregoing proceedings, is undoubtedly well assigned.

There is no objection to the amendment of the record, the parties both being before the court, and the rights of third persons in nowise affected. The question is considered by us as if the order noted on the judge's docket, March 26th, 1861, directing the judgment to be set aside, had been properly entered in the records on that day.

It is urged by the counsel for the appellants that the setting aside a judgment by default is discretionary, and not the subject-matter of review in this court. This is true as a general rule, but is not true where the question turns upon the jurisdiction of the court to make the order.

It has been decided in this court, in an extremely well considered case—*Cook* v. *Wood*, 24 Ill. 297—that the Circuit Court has no power to set aside a judgment by default rendered at a previous term, and the second judgment rendered, and the judgment setting aside the default, were both reversed, and the case ordered to stand upon the first judgment. In the case before us, the order setting aside the default was not made until more than a year after the original judgment, a term having intervened, and so far as depended on the common law powers of the court, that order was a nullity.

But it is insisted that it is within the statute.

The 31st section of the ejectment act provides as follows:

"Every judgment in ejectment, rendered by default, shall, from and after two years from the time of entering the same, be conclusive upon the defendant and upon all persons claiming by or through him, by title accruing after the commencement

of the action; but within two years after the entering of such judgment, on the application of the defendant, his heirs or assigns, and upon the payment of all costs and damages recovered thereby, the court may vacate such judgment and grant a new trial, if such court shall be satisfied that justice will be promoted, and the rights of the parties more satisfactorily ascertained and established."

So far as the payment of costs is concerned, this is the precise language used in section 30, which provides for vacating the first judgment within one year. The right given by both of these sections is a purely statutory right, and a party asking it must bring himself within the statutory provision. Until he has done so, he has no standing in court, and the court has no power to grant his motion. This court said, in *Emmons* v. *Bishop*, 14 Ill. 152, and in *Goodhue* v. *Baker*, 22 Ill. 263, that the payment of the costs was "a condition precedent," as it clearly is by the plain language of the act. No ingenuity of construction can fritter it away. Now in this case the order setting aside the judgment was made on the 26th of March, 1861, and the costs were not paid until the 7th of May, nor until after the close of the term. The order is absolute. It does not provide, as is sometimes done, that the order is to take effect only upon the payment of costs within a certain number of days—a practice not to be approved, but upon the validity of which we express no opinion. This order went into effect, if at all, *instanter.* The judgment must be considered as having been set aside when the order was made, or it has never been set aside. Yet the costs had not been paid, and the court had no jurisdiction to set aside the judgment until the costs had been paid. The case presents precisely the same question that it would do, if the costs had never been paid to the present day. The Circuit Court undertook to exercise a statutory power, independently of the statutory conditions, and, in so doing, it clearly erred.

This opinion sustains the judgment by default in favor of the appellees. The judgment on the trial was also in their favor, but inasmuch as that was also against the landlord, Oetgen, in

sustaining the assignment of cross-errors, it is necessary to reverse the last judgment, and the order setting aside the judgment by default. The judgment by default is ordered to stand. The appellees will have judgment for all costs that have accrued since the judgment by default was set aside, whether in this court or in the court below.

*Judgment reversed.*