## WILLIAM OETGEN

*v.*

## JOHN W. ROSS *et al.*

1. EJECTMENT—*a party entering under a defendant takes only his rights.* A party who enters under a defendant in ejectment, after suit commenced, takes, subject to whatever judgment may be rendered therein, 'and if evicted, cannot complain that he was not made a party to such suit.

2. SAME—*when a landlord cannot be said to hold under his tenant.* Where a landlord resumes possession of the demised premises, after a suit in ejectment has been brought against his tenant, and after the lease of the tenant has expired, he cannot be said to hold under his tenant. In such cases, sections 29 and 31 of the ejectment act have no application, neither the title nor the possession of the landlord having accrued after suit brought.

3. SAME—*a tenant sued in ejectment must notify his landlord—effect of such notice.* The statute requires a tenant, under a penalty, when sued in ejectment, to give immediate notice thereof to his landlord, who can appear and defend in the name of his tenant, or may be made a co-defendant in the suit.

4. SAME—*when landlord concluded by judgment against tenant.* And when a landlord has received notice of the pendency of a suit in ejectment against his tenant, and has had an opportunity to defend, he will be concluded by a judgment for the plaintiff, and liable to eviction, if the premises have been surrendered to him, notwithstanding the judgment may have been only against the tenant, in name.

5.  SAME—*when landlord has received no notice of the suit, not concluded by a judgment against the tenant.*  Where a landlord receives no notice of the pendency of a suit in ejectment against his tenant, and is chargeable with no fault or *laches*, he cannot be evicted, possession having been surrendered to him pending the suit, by a writ of possession issued on the judgment against the tenant.

6.  SAME—*rights of the landlord in such case—entitled to a trial upon the merits.*  And in such case the court should, on motion of the landlord, stay the writ as against him, until he can be made a party to the existing suit, and a trial be had upon the merits, the plaintiff not being required to bring a new suit.

7.  SAME—*when landlord will not be deemed guilty of laches in asserting his rights, after judgment against tenant.*  In determining the question of *laches* on the part of the landlord, in failing to make application to set aside a judgment by default in ejectment, taken against his tenant, at the earliest day possible, after learning of such judgment, the fact, that up to the time of making such motion, no writ of possession had been issued, should be taken into account.

8.  SAME—*of the writ of possession—special order required for—when.*  Where a plaintiff in ejectment fails to take out his writ of possession for a year after judgment, it is doubtful if he is entitled to it, without a special order.

9.  SAME—*equitable jurisdiction of court over writ of possession.*  In the action of ejectment, the court that renders the judgment exercises a species of equitable jurisdiction over the writ of possession, recalling it, if justice requires, and sometimes, after execution, awarding a writ of restitution.

APPEAL from the Circuit Court of Cass county; the Hon. JAMES HARRIOTT, Judge, presiding.

The opinion states the case.

Mr. H. B. McCLURE and Mr. G. POLLARD, for the appellant.

Mr. M. McCONNEL, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

At the March term, 1860, of the Circuit Court of Cass county, John W. Ross and Sarah A. Ross recovered a judgment by default, against Louis Zimmer, in an action of eject-

ment.   At the March term, 1861, Oetgen appeared as the land-
lord of Zimmer, and, on his application, the judgment by default
was set aside, and a plea was filed in his name and that of Zim-
mer.   At the September term, 1864, the cause was again tried,
and a judgment rendered for the plaintiffs.   The defendants
brought the record to this court, and cross-errors having been
assigned, by consent, it was held that the judgment by default
had been improperly set aside, and the order setting it aside
was reversed.   *Oetgen* v. *Ross*, 36 Ill. 335.   The judgment on
the trial was also reversed, the case not having been properly
before the court; but before the decision of this court was
announced, this judgment of the September term, 1864, was
vacated under the statute, by payment of costs.   That judgment
thus ceased to exist, independently of the action of this court.
The cause having been remanded from this to the circuit court,
was re-docketed against Oetgen, as landlord, and Zimmer, as
tenant, and a motion was made for a writ of possession on the
judgment by default.   Oetgen resisted the motion, but it was
allowed, and he prayed an appeal, which was granted.

There could be no objection to a writ of possession against
Zimmer, but he has not been in possession since 1860, and
the actual question argued by counsel is, the right to evict
Oetgen upon the judgment by default obtained against his
tenant, Zimmer, at the March term, 1860.   It appears Zim-
mer gave Oetgen no notice of the pendency of the ejectment,
and no writ of possession has ever been issued on the judg-
ment.

A person entering under a defendant in ejectment, after the
commencement of the suit, must of course be considered as
taking and holding the possession, subject to the judgment
to be rendered in the suit, though not made a party to it.   In
no other way could the action of ejectment, or any possessory
action be made effective.   The person thus entering can
not complain that he is evicted without being brought into
court, because, in entering under the defendant, he takes only

his rights, and can defend in his name.      But a landlord who resumes possession of the demised premises, after the commencement of an ejectment against his tenant, the term having expired, can not be said to hold under his own tenant.      Sections 29 and 31, of our ejectment act, make the judgment conclusive only as against persons claiming under either party by title accruing after the commencement of the suit.      This language cannot apply to a landlord taking possession after the lease of his tenant has expired.      Neither his title nor possession has accrued since the commencement of the suit.

What then should be the rule in regard to landlords?      The statute requires a tenant sued in ejectment to give immediate notice to his landlord, under a penalty for not doing so.      On the receipt of such notice, the landlord can appear and defend in the name of the tenant, or can have himself made a co-defendant.      Where a landlord has been thus notified by his tenant, or otherwise, of the pendency of the suit, and has an opportunity to defend, he must be held to be concluded by a judgment for the plaintiff, and liable to be evicted if the tenant has surrendered the possession to him, though the judgment may have been only against the tenant, in name. But this liability to eviction under such a judgment, proceeds, not from the idea that the landlord is in possession by a right derived from his own tenant, but from the fact that the action of ejectment must be brought against the person in actual possession, and when brought against a tenant, and the landlord is duly notified, he is to be regarded as really in court, with full power to control the defence so far as may be necessary for his own interests, or to have himself made a party defendant on the record.

But if the tenant fails to give his landlord notice of the pending suit, and suffers a judgment to be recovered against himself, can the landlord, to whom the tenant has re-delivered the possession pending the suit, and who has had no knowledge of such suit, or opportunity of asserting his rights,

19—47TH ILL.

be evicted by a writ of possession issued on the judgment against the tenant? This would violate that most familiar principle of law and justice which forbids the rights of any person to be taken away without a hearing. If it should be made clearly to appear, as it does in the case before us, that the landlord had no notice of the suit, and if chargeable with no fault or *laches*, the court, on motion, would stay the writ of possession as against him. This, however, should be done without impairing the rights of the plaintiff by compelling him to bring a new suit. A bar, under the statute of limitations, might prevent his recovery in a new suit, but not be available as a defense in the suit already instituted. The writ of possession should, therefore, be stayed, on the motion of the landlord, only until he can be made a party to the record in the existing suit, and a trial be had upon the merits. The parties will thus occupy the same position they would have held, if the landlord had received notice of the suit before judgment passed against the tenant. He will have an opportunity to be heard before losing his property, and the plaintiff will have the benefit of his suit against the tenant in the determination of any questions that may arise under the statute of limitations.

In the case before us, the judgment upon which it is sought to evict the landlord was rendered against the tenant, without notice to the landlord, or knowledge on his part of the pendency of the suit. This is clearly shown, and not controverted. Under the rules above stated, he should not be evicted upon this judgment. It is urged that he was guilty of *laches*, in not moving, at an earlier day to set aside the judgment by default after he had knowledge of it. But he made this motion at the March term, 1861, and it appears no writ of possession had been issued up to that time. The knowledge of the judgment came to him first in the fall of 1860, it does not appear at what precise time, but if after the fall term, the application was made at the earliest day possible. But, even

if he was informed of the judgment before the fall term, the fact that the plaintiffs were not enforcing it should be taken into the account in determining the question of *laches.* Where a plaintiff in ejectment fails to take out his writ of possession for a year after judgment, it is doubtful if he is entitled to it without a special order. In view of all the circumstances of this case, we do not think the landlord has lost his right to insist on a hearing before the writ of possession issues against him. The judgment against Zimmer must, of course, stand, but before the court allows the present motion for a writ of possession against both Zimmer and Oetgen, it should direct a trial between the plaintiffs and Oetgen, who is already a party to the record. It is to be remarked that, in the action of ejectment, the court that renders the judgment exercises a species of equitable jurisdiction over the writ of possession, recalling it if justice requires, and sometimes, after it has been executed, awarding a writ of restitution. *Coleman* v. *Henderson,* 2 Scam., 251; *Ex parte Reynolds,* 1 Caine's Rep. 500; *Jackson* v. *Hasbrouc,* 5 J. R. 366; *Doe ex dem. Troughton* v. *Roe,* 4 Burr., 1996.

It would probably have been the better practice, when this case was formerly before us, to have passed on the errors assigned by the appellant, instead of resting our decision solely on the cross error assigned, and reversing the second judgment because the parties were not really before the court. But it has been of no practical consequence in this suit, inasmuch as the second judgment was set aside, under the statute, in the circuit court, by payment of costs.

*Judgment reversed.*