Haseltine and others vs. Metcalf and others.

HASELTINE and others, Appellants, vs. METCALF and others, Respondents.

*April 7 — May 15, 1886.*

EJECTMENT: NEW TRIAL. *(1, 2) Undertaking to pay costs a condition precedent. (3, 4) Waiver: Authority of attorney: Consent.*

1. When there is no waiver by the successful party, the trial court cannot grant a new trial in ejectment under sec. 3092, R. S., unless the undertaking required by that statute has been given.
2. An offer to give such undertaking, made more than a year after judgment, on the hearing of a motion to set aside the order granting a new trial, cannot validate the order.
[3. Whether the attorney of the successful party has authority, under his general power as such, to waive the giving of such undertaking, not determined.]
4. The mere fact that a new trial was granted at the request of the plaintiffs and with the consent of the attorneys for the defendants, is *held* not a sufficient reason for sustaining the order granting the same, under the circumstances of this case.

APPEAL from the Circuit Court for *Marathon* County. The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an action of ejectment. The case was tried in the circuit court, and a verdict was found for the defendants and respondents. Judgment was entered upon the verdict, January 6, 1883. On the 4th of December, 1883, at a general term of the circuit court, held in Wood county, the following order was entered in the action:

"IN CIRCUIT COURT, MARATHON COUNTY.

" *Charles P. Haseltine and B. W. James, Plaintiffs, vs. E. W. Metcalf et al., Defendants.*

" At a general term of the circuit court for Wood county, held at the court house therein, commencing December 4, A. D. 1883; the same being a special term for Marathon county. Present, CHAS. M. WEBB, Judge.

"The plaintiffs above named having more than six months ago paid to the attorneys for the defendants the full amount of the costs and disbursements of this action; and at the time of payment thereof the plaintiffs and defendants in this action having by their attorneys stipulated that a new trial of this action be had, and that notice of motion therefor be, and was therein, expressly waived; and it appearing that this action is in ejectment for the recovery of real property, and that the former judgment was a nonsuit of plaintiffs, on their own showing,— now, on motion of James & Crosby, attorneys for plaintiffs, it is ordered that the judgment in favor of defendants, and against the plaintiffs, be, and it is, set aside, and that a new trial thereof be had pursuant to stipulation.

"By the court, CHAS. M. WEBB, Circuit Judge.

"*Dated December 4, 1883.*"

This order was filed in the clerk's office, in Marathon county, January 4, 1884.

On March 5, 1885, the defendants served upon the plaintiffs a notice of motion to vacate and set aside the order made December 4, 1883, on the following grounds: (1) on the ground that no undertaking was given as required by sec. 3092, R. S.; (2) that no new trial of said action could lawfully be granted as to only one of the defendants; (3) that the defendants *Freeman Eighmy* and *William Van Hoosear*, or their attorney, never consented in any manner to the granting of said order; (4) that the costs recovered by the said defendants in the action were not all paid before the making of the said order; (5) that the attorneys who signed the stipulations in relation to the granting said new trial had no authority to waive the prepaying of the costs recovered, or the giving of the undertaking required by said sec. 3092 as a condition thereof, and did not in fact waive the necessity of giving said undertaking; (6) that said order is irregular in other respects appearing on the face of the record.

Upon the hearing of this motion the order granting a new trial in this action was vacated and set aside, and from the order vacating the order for a new trial the plaintiffs appealed to this court.

Previous to the making of this last order the plaintiff B. W. James died, and his two minor heirs, *Benjamin James* and *Allen James*, were substituted in his place, and appear in this court by their guardian *ad litem*.

For the appellants there was a brief by *Pullings, Hoyt & Holway*, attorneys, and *Neal Brown*, of counsel, and oral argument by *Mr. Brown* and *Mr. H. H. Grace*.

For the respondents there was a brief by *Silverthorn, Hurley & Ryan*, attorneys, and *P. L. Spooner* and *S. U. Pinney*, of counsel, and oral argument by *Mr. Pinney*.

TAYLOR, J. The only question in the case is, Was the order granting the new trial a valid order, and regularly made? If it was, then the order vacating the same should not have been made. It is not contended by the learned counsel for the appellants that the order granting the new trial can be sustained, except as an order made under the provisions of sec. 3092, R. S. The term having expired at which the judgment was rendered, the court had no power to open or set it aside, except the power given by the statute. *Gray v. Gates*, 37 Wis. 614; *Spafford v. Janesville*, 15 Wis. 474; *Breed v. Ketchum*, 51 Wis. 164; *Goodhue v. Baker*, 22 Ill. 262; *Sydnor v. Palmer*, 32 Wis. 406; *Whitney v. Karner*, 44 Wis. 563; *Prentiss v. Danaher*, 20 Wis. 311; *Hansen v. Fish*, 27 Wis. 535; *Ætna Life Ins. Co. v. McCormick*, 20 Wis. 265.

There is no pretense that the case was brought within the provisions of sec. 2832, R. S.; nor is there any evidence tending to show that any of the attorneys for the defendants, or for either of them, intended in any way to consent to the granting of a new trial in the action, except such

new trial as the plaintiffs would be entitled to demand under the provisions of said sec. 3092, R. S.    This section reads as follows: "The court in which any such judgment shall have been rendered, otherwise than upon failure to answer, shall, upon application of the party against whom the same was rendered, his heirs, devisees, or assigns, within one year from the rendition thereof, vacate the judgment and grant a new trial, upon condition that all costs recovered thereby, or awarded on affirmance of such judgment on appeal or writ of error, be paid, and that the applicant execute and file an undertaking, with sufficient sureties, in such sum as the court shall direct, to the effect that he will pay all costs and damages which may be finally awarded the other party.    The sureties shall justify their responsibility in the same manner as bail on arrest.   .   .   .    But one such new trial shall be granted."

The court having lost all jurisdiction to grant a new trial in the action, except under the provisions of this section, the only question for consideration is whether the court had the authority to make the order granting the new trial without first requiring the plaintiffs to give the undertaking as prescribed by the statute.    It is admitted that no such undertaking was given at the time of making the order, or at any time subsequent thereto, nor any attempt or offer to give such undertaking until after the notice of the motion to vacate the order.    We think the proofs satisfactorily show that the costs of the defendants in the action were paid previous to the making of the order for a new trial.

It cannot be contended, and is not in fact contended by the learned counsel for the appellants, that the court has the power, of its own motion, to dispense with the giving of the undertaking, and make a valid order for a new trial under this section without such undertaking being given. The power to make the order being purely statutory, it can only be made when the party asking for such order complies

with the conditions imposed by the statute. This proposition is not controverted; but it is claimed by the learned counsel for the appellants that although the court may not, of its own motion, dispense with the giving of the undertaking required by the statute, yet the opposite party, for whose benefit such undertaking is required, may dispense with it; and when such party consents that the order for a new trial may be made without giving the undertaking required, an order so made is valid, under the statute. In view of the evidence contained in this record, we do not feel called upon to determine whether this contention of the learned counsel for the appellants is correct or not. That the statute must be strictly complied with, when there is no waiver by the opposite party, there can be no doubt, and this has been frequently adjudicated in other courts, under similar statutes. *Oetgen v. Ross,* 36 Ill. 335, 338; *Emmons v. Bishop,* 14 Ill. 152; *Goodhue v. Baker,* 22 Ill. 263; *Chatauqua Bank v. White,* 23 N. Y. 347; *Cooke v. Passage,* 4 How. Pr. 360; *Rogers v. Wing,* 5 How. Pr. 50.

In the case of *Oetgen v. Ross, supra,* the order had been made without the payment of the costs as required by the statute, and the court say: "The right given by both of these sections is purely a statutory right, and a party asking it must bring himself within the statutory provisions. Until he has done so he has no standing in court and the court has no power to grant the motion. . . . The payment of the costs is a condition precedent, as it clearly is by the plain language of the act. No ingenuity of construction can fritter it away. . . . The circuit court undertook to exercise a statutory power independently of the statutory conditions, and in so doing it clearly erred." In the case from which the above quotation is made the order granting the new trial was made in the March term, 1861, but the costs were not paid until May thereafter. The motion to vacate the order was made in 1864. The correctness of the rule stated in these cases cannot be successfully controverted.

The whole power of the court to grant a new trial depending upon the statute, and not upon any of its common-law powers, the court can only lawfully exercise the power granted upon the terms and conditions prescribed by the statute.   The offer of the appellants to give the requisite undertaking upon the hearing of the motion to set aside the order, made long after the year had expired, cannot validate the order made within the year.   The order, when made without a compliance with the terms of the statute, is void, and it cannot be validated by a compliance with the conditions, which are conditions precedent to the making of the order, after the expiration of the year within which the order can lawfully be made.   This was expressly decided, and we think rightly, in the case above cited.

The record shows that the order granting the new trial in the case at bar was made upon the written stipulations of the attorneys of the plaintiffs, and of some of the attorneys representing a part of the defendants.   The order itself recites the facts upon which it is granted.   It says the costs of the action having been paid to the attorneys for the defendants; " and the parties having, by their attorneys, stipulated that a new trial in this action be had, and that notice of motion thereof be and was therein expressly waived; and it appearing that this action is in ejectment for the recovery of real property, and that the former judgment was a nonsuit of plaintiffs, on their own showing,— now, on motion of James & Crosby, attorneys for plaintiffs, it is ordered that the judgment in favor of defendants, against the plaintiffs, be, and it is, set aside, and that a new trial be had pursuant to stipulation."   The recital in this order that the judgment rendered in the action was a judgment of nonsuit is not in accordance with the record.   The record shows that the jury found a verdict for the defendants, and that judgment was entered upon such verdict.   If the plaintiffs had either suffered a voluntary nonsuit, or if the court had

directed a nonsuit in the action, there would have been no verdict of the jury, nor any judgment entered upon such verdict. In an action of ejectment, except where there has once been a verdict on the merits in favor of either party and a new trial has been granted under the statute, a judgment of nonsuit is not a bar to another action, and no new trial could be granted under the statute when the plaintiff has been nonsuited in such action. It is only in the cases where a new trial has been granted under the statute after a verdict upon the merits, that a nonsuit in an action of ejectment, if suffered by the plaintiff or ordered by the court, will have the effect to bar the right of the plaintiff in such action. See *Cunningham v. Milwaukee,* 13 Wis. 120.

This order, in my opinion, would be void on its face, were it not for the fact that it recites that the plaintiff had been nonsuited on the former trial. If that were the fact, we think it would be competent for the court to set aside the nonsuit, upon the request of the parties, without any other reason given, and grant a new trial in the action, instead of compelling the plaintiff to commence a new action. But it is far from being a clear proposition of law that, after a trial upon the merits and a judgment rendered upon a verdict in favor ·of either party, the court is authorized to set aside such verdict and judgment,— especially after the expiration of the term at which it was rendered,— and order a retrial upon the mere request and consent of both parties. In the case of *Nichols v. Sixth Ave. R. Co.* 10 Bosw. 260, the superior court refused so to do, and BARBOUR, J., who wrote the opinion, said: "The fact that the respondent is dissatisfied with the verdict he has obtained, and by his counsel urges the court, upon the hearing of this appeal, to reverse the judgment and direct a new trial in accordance with the prayer of the appellant, is not of itself sufficient to warrant such action on the part of the court. When a suit has been regularly and properly prosecuted and de-

fended to a final judgment, by which substantial justice has been decreed, the parties are not entitled, as of right, and without sufficient reason, to evoke the interposition of the court for the purpose of having the cause retried, and again determined, at the expense of the public, and to the delay of other creditors, although both of the litigants join in the application."

There is nothing contained in the proofs or records in the case at bar which tends, in the slightest degree, to show that substantial justice was not done on the former trial of this action; and upon the proofs and papers, construing them in the most favorable light for the appellants, no reason is shown for granting a new trial, except that it is granted at the request of the plaintiffs and with the consent of the attorneys for the defendants. We think such reason is not a sufficient one for sustaining the order, under the circumstances disclosed in this case. If the order for a new trial can be sustained at all, it must be sustained as an order for a new trial under said sec. 3092, R. S.

Section 6, rule XI, Circuit Court Rules, requires that every order shall briefly refer to all the records, petitions, affidavits, and other papers read or used by either party upon the application for the order. In making the order granting the new trial in this case it was undoubtedly intended to comply with this rule; and it refers to certain stipulations of the attorneys of the respective parties, as used upon the hearing of the motion, and declares that upon those stipulations, and upon proof that the costs of the action had been paid, the order was granted. The proofs made upon the motion to vacate this order show that there were but two stipulations used on the application for the order for a new trial, and that neither of these stipulations waived the requirement of the statute that the plaintiff should give the undertaking as therein directed. If it were admitted that the attorney for the party in whose favor the

judgment was rendered could, under his general authority as such attorney, waive the giving of the undertaking in any case, there is certainly no such waiver contained in either of the stipulations which were given in this case, and which we must presume were used on the motion for the order. Neither is there any evidence in the case that, upon the motion for the order, any proof was made to the court granting it, showing any authorized or unauthorized verbal understanding or agreement on the part of the attorneys for either of the defendants that the order might be made without giving the undertaking required by the statute. It does not help the validity of the order to show, upon the motion to vacate it, that there was such a verbal agreement or understanding, so long as it appears that the order made was not based upon such verbal understanding. Had the attention of the court been called to the fact that the application for a new trial in this case was an application under the statute, and not (as we think it appears on the face of the order) an application to set aside a nonsuit with the consent of the parties, and that the plaintiffs claimed to be relieved from giving the statutory undertaking upon such a verbal agreement between the attorneys for the plaintiffs and defendants, it is quite probable the learned circuit judge would have refused to sanction such waiver on the part of the attorney of the defendants as being beyond his authority, or, at least, as being of such an equivocal character as would not receive the sanction of the court. We think we are justified in this conclusion from the fact that the same learned judge who first made the order, set it aside after a full hearing and a consideration of all the facts concerning such verbal agreement of the parties.

Were it necessary to sustain the order appealed from, we would be strongly inclined to hold that an attorney for the successful party in an action of ejectment has no authority, under his general power as the attorney in the case, to

waive the giving of the undertaking required by the statute as a condition precedent to the granting of a new trial, especially when such waiver is made by the attorney upon a consideration not at all connected with his client's interest in the case. But as the evidence upon the motion to vacate the order shows that no proof of such waiver was made upon the motion for the order, and consequently the judge granting the order could not at that time have passed upon the sufficiency of such waiver, we are not now required to determine what would have been the duty of the circuit judge in case such alleged waiver had been brought to his attention as a reason for granting the order without requiring the undertaking. He has decided it insufficient to sustain the order as made, and we cannot say that such decision is erroneous. We see nothing in the case which should prevent the defendants from obtaining relief from the order on the ground of laches.

In the view we have taken of the case, it is unnecessary to discuss the other points raised in the case.

*By the Court.*— The order of the circuit court is affirmed.