Dobbs and another vs. Kellogg and another, imp.

*November 5 — November 22, 1881.*

PLEADING: COUNTERCLAIM. *(1) Who may plead counterclaim. (2, 3) When special issue, in legal action, must be by counterclaim, and when not.*

1. A counterclaim put in by a defendant who, while alleging that he had acted as agent for another defendant in transactions connected with the subject matter of the action, shows no right to any relief in his own behalf, and does not claim to act as agent for such other defendant in making the counterclaim, may be disregarded.
2. In an action at law, in order to make an equitable issue to be tried by the court alone, the matters relied upon by defendant for that purpose must be pleaded *as a counterclaim*, and not merely as a defense.
3. But defendant in ejectment may allege and prove as matter of defense, to be tried by the jury, that the deed under which plaintiff claims, though absolute on its face, was in fact a mortgage.

APPEAL from the Circuit Court for *Fond du Lac* County. Ejectment, brought against *Sarah C. Kellogg, Edwin C. Kellogg* and others. The answers of *Sarah C.* and *Edwin C. Kellogg* are sufficiently stated in the opinion. There was a reply in denial of the equitable counterclaim set up by *Edwin C. Kellogg.* After the jury had been called, "defendant asked that the court now try and dispose of the equitable issue first." The judge answered, "I will try the equitable issue now." The jury were then sworn, and plaintiffs introduced their evidence. The court instructed the jury

to find for the plaintiffs, that they were the owners in fee and entitled to the possession of the premises, and that the defendants unlawfully withheld the possession thereof, and to assess plaintiffs' damages at six cents. The jury found accordingly; and from a judgment on the verdict, thereafter entered by the clerk of said court on motion of the plaintiff, the defendants *Sarah C.* and *Edwin C. Kellogg* appealed.

For the appellants there was a brief by *Coleman & Spence*, and oral argument by *Mr. Spence*. They contended, 1. That the equitable issue should have been disposed of first. *Harrison v. Bank*, 17 Wis., 340; *Gunn v. Madigan*, 28 id., 158; *DuPont v. Davis*, 35 id., 631. In the foregoing cases the order of trial was said to be in the discretion of the court. But in the later case of *Carroll v. Bohan*, 43 Wis., 218, it is said that in some instances the rule that the equitable issue should be tried first, is *imperative*. The case at bar seems to come within the last mentioned decision. The serious objection to allowing a verdict on the legal issue first, is, that it appears to be the clerk's duty to enter judgment in accordance with the verdict immediately upon its being received (R. S., sec. 2861); and, unless a stay of proceedings is obtained until the equitable issues are disposed of, final judgment will be entered, as in this case. Moreover, if the defendant prevails upon his equitable counterclaim, there is no necessity for trying the legal issue. 2. That judgment in an action containing equitable issues can be entered only on direction of the court. R. S., sec. 2894; *Stahl v. Gotzenberger*, 45 Wis., 121. 3. That plaintiffs were not entitled to have judgment entered in their favor until the finding of the court on the equitable issues had been made and filed. R. S., sec. 2863; *Sheldon v. Rockwell*, 9 Wis., 183; *Ogden v. Glidden*, id., 56; *Sayre v. Langton*, 7 id., 218; *Sage v. McLaughlin*, 34 id., 557. 4. That defendants' refusal to offer any evidence before the jury upon their counterclaim was not a waiver of their

rights.   *Stahl v. Gotzenberger, supra*;  *Wis. Riv. Lumber Co. v. Plumer*, 49 Wis., 666.

*Geo. E. Sutherland*, for the respondents:      ♦

1. An equitable defense in ejectment, to be tried by the court, can be made by counterclaim only, and not by mere answer.   *Lombard v. Cowham*, 34 Wis., 486; *DuPont v. Davis*, 35 id., 631; *Lawe v. Hyde*, 39 id., 345.   Nothing in an answer will be regarded as a counterclaim, unless pleaded as such.   *Stowell v. Eldred*, 39 Wis., 630; *Fuchs v. Treat*, 41 id., 406.   There was nothing pleaded in the answers by way of counterclaim; and therefore there was no equitable issue in the case, to be tried by the court, before plaintiffs could have judgment on their verdict.   The facts in the answers were pleaded as a defense.   To have shown that the deed under which plaintiffs claim title was in fact a mortgage, would have been a complete defense *(Murray v. Walker*, 31 N. Y., 399); and the defendant, having pleaded it as a defense, was bound to prove it like any other defense, or be treated as in default.   2. Even if there was an equitable issue, there was no error on the trial.   The court announced itself ready to try the equitable issue then, and plaintiffs interposed no objection; but defendants sat still, and compelled plaintiffs to go on with their side of the case.

Orton, J.   Without any critical examination of the record, it is sufficient for the disposition of the case that the error, if any, consists in the rendition of the judgment on the verdict of the 'jury, without first disposing of the equitable counterclaim.   Both of the answers — one by *Sarah C. Kellogg*, and the other by *Edwin C. Kellogg*, her husband — are very vague, uncertain and indefinite; but, as the cause went to trial without any objection to the pleadings by demurrer or otherwise, we must, if possible, by liberal construction in their favor, arrive at and consider their substantial allegations.

The defendant *Sarah* answers that she is the owner of the fee of the premises and entitled to the possession thereof, and that the defendants are not; and that the deed under which the plaintiffs claim was made and delivered as a mortgage to secure the payment of money, and not as an absolute deed, and that it was delivered by her husband without her authority and in fraud of her rights; and she prays that the complaint be dismissed, with costs. The defendant *Edwin C. Kellogg* answers for himself that the defendant *Sarah* was the owner of the premises, and that as her agent he caused the deed under which the plaintiffs claim, to be delivered, and that it was so delivered and intended as a mortgage to secure certain advancements of money then made and thereafter to be made to him for the purpose of building upon the premises, and that such deed was delivered as such mortgage only, and not as an absolute deed; and he prays that an accounting be had between the plaintiffs and the said *Sarah*, and that he be allowed to pay what is found due on such accounting, and that certain subsequent deeds and a certain mortgage be cancelled and delivered up, and for other and further relief.

The defendant *Edwin C. Kellogg* does not pretend in his answer that he makes it as the authorized agent or on behalf of the said *Sarah*, and it does not appear that he was authorized by her to make it, or that she adopts it as her own, and it does not appear that he has any interest whatever in the subject matter of the action. His answer, setting up an equitable counterclaim to be tried by the court without a jury, was therefore properly disregarded as an absolute nullity. It will be observed that the answer of *Sarah C. Kellogg* asks no affirmative relief, and is, therefore, strictly in defense of the action only. It is settled by the decisions of this court that, in order to make an equitable issue to be tried by the court alone, such matters must be pleaded as a counterclaim, and not in defense of the action merely. *Lombard v. Cowham*, 34 Wis., 486; *DuPont v. Davis*, 35 Wis., 631; *Lawe v.*

*Hyde*, 39 Wis., 345; *Stowell v. Eldred*, id., 630; *Fuchs v. Treat*, 41 Wis., 406.

It may not be very material in this case to determine that the question raised by the answer of *Sarah*, whether the deed under which the plaintiffs claim title was intended as a mortgage only, could be submitted to and tried by the jury upon the proper evidence; for we have seen it must be so tried if tried at all. But this important question, which may often arise, being involved in the record, it may be proper to decide it. The cases above cited seem to go upon the theory that equitable defenses in ejectment which do not invoke the interposition of the court in equity for affirmative relief, and which leave the legal and equitable title to lands outstanding and separate, ought not to be allowed in defense to the action merely; and it is therefore decided in those cases that such matters must be pleaded as a counterclaim. The reason of this holding would seem to be, that such equitable defenses must be tried by the court, and cannot be submitted to the jury, and that the court, sitting in equity, ought not to step aside from the jury trial of the strictly legal action of ejectment to try such an issue, for no other purpose than merely to defeat the action, leaving the whole matter open for future litigation in equity. Treating the matter of this answer as technically an equitable defense to the action, no such consequence could follow; for if established on the trial, either before the court or jury, it would be final and conclusive upon the title of the plaintiff. To show that the deed upon which the plaintiff relies for title is, in fact, a mortgage, as mortgages are treated under our laws and decisions, shows the legal title out of the plaintiff and in the defendant; or, in other words, the fee in the defendant as the mortgagor, and a mere security for money or chattel interest in the plaintiff as the mortgagee, and at the same time the right of possession, which is also at issue, in the defendant. However much it may appear to be in conflict with the statute of frauds, it is now too well estab-

lished to be questioned, that a deed absolute on its face may be shown, even by parol, to be in fact a mortgage. This, of course, was first allowed in courts of equity, because courts of equity only had jurisdiction over the foreclosure and redemption of mortgages; and it is commonly said that such fact may be established in courts of equity. But it has now grown into an established principle of the law of evidence that such fact may be shown by parol. As a fact, then, why may it not be as well shown before a jury under the instruction of the court, and be found by them, as before the court sitting in equity, when such fact operates to defeat the title of the plaintiff in an action of ejectment, and shows title in the defendant? As a fact to be proved and found that a deed absolute on its face was intended by the parties to it to operate only as a mortgage to secure the payment of money, it is no more difficult or abstruse than the fact that it was obtained by fraud, or under duress, or that it is void for any other reason available in a court of law, or that it was obtained in violation of the trust and confidence reposed in one party as the agent of the other party to the suit, as in the case of *McMahon v. McGraw*, 26 Wis., 614. In ejectment the defendant may show that the deed offered by the plaintiff was fraudulent and void, and may introduce any evidence tending to estop or conclude the plaintiff from setting up his title, or that will show the defendant entitled to the possession. Adams on Ejectment, 378; *Hambleton v. Wells*, 4 Call, 213; *Torrey v. Beardsley*, 4 Wash. C. C., 242; *Jackson v. Ogden*, 4 Johns., 140; *Mather v. Hutchinson*, 25 Wis., 27. But, without carrying the argument further, this court has decided, upon the authority of numerous cases elsewhere, that the fact may be proved, as any other fact which affects the title, before the jury in an action of ejectment. In *Kent v. Agard*, 24 Wis., 378, the plaintiff showed title in one Cown in 1848, a mortgage from Cown to him in 1859, and a foreclosure of the mortgage and referee's deed to him in 1865, and then offered to show that a deed of

Cown to one Lasley in 1849, under which the defendants claimed, which was absolute on its face, was in fact a mortgage to secure Lasley against his indorsement of Cown's note, and that said note was paid, which was refused. Numerous authorities are cited in the brief of the able counsel of the appellant and found in the report of the case, "to the point that parol evidence is admissible in *actions at law* to show that a deed absolute on its face was in fact a mortgage." The able and lamented Judge PAINE says in his opinion: "The plaintiff should have been allowed to show by parol that the absolute deed given by Cown to Lasley was intended as a mere security, and was consequently a mortgage." "When the facts are proved, such a deed is a mortgage only, both *at law and in equity*. The rights of the mortgagor and mortgagee are precisely the same as though the defeasance were contained in the deed itself. The only difference is in the manner of proving the defeasance." The judgment was reversed solely on the ground of the rejection of this evidence.

If such evidence could be introduced by the plaintiff to show that the deed on which the defendant relies for title was a mortgage, on the trial of the action, by the same rule the defendant should be allowed to show that the deed under which the plaintiff claims is, in fact, a mortgage, and thus show the fee-simple title out of the plaintiff and in the defendant, and the defendant's possession rightful.

In this case, the defendants having offered no evidence in defense of the action, the verdict of the jury for the plaintiffs, upon their proof of legal title to the premises, was therefore proper, and, there being no equitable counterclaim to be tried by the court alone, judgment upon such verdict was also proper. This decision is not intended to conflict in any respect whatever with the doctrine of the cases which hold that strictly equitable defenses must be pleaded as counterclaims or they cannot be made available.

*By the Court.*— The judgment of the circuit court is affirmed.