## FORSYTH and another *v.* VAN WINKLE and others.

*(Circuit Court, D. Indiana.* November 26, 1881.)

1. **EJECTMENT—NEW OR SECOND TRIAL AS A MATTER OF RIGHT UNDER THE STATE CIVIL CODE.**

    In proceedings to recover possession of real property under the Civil Code of Indiana, no one not concluded by the judgment is entitled, under the Code, (section 601,) to have the judgment vacated, and a new trial granted as matter of right, upon payment of costs, etc. Such right is limited to the party against whom the judgment is entered, his heirs, assigns, or representatives.

2. **PLEADINGS—LAPSUS CALAMI—JUDGMENT—TEST OF—RECORD.**

    Where an amended complaint is filed, before answer, against a single defendant in substitution of a complaint originally filed against several defendants, upon which amended complaint trial and judgment are had, the mere mistaken or careless use of the plural "defendants" in the subsequent pleadings, and in the judgment for costs, does not conclude any one save the single defendant to the amended complaint. The judgment is to be tested by the whole record.

*McDonald & Butler,* for plaintiffs.

*C. P. Jacobs,* for defendants.

GRESHAM, D. J. The plaintiffs, Caroline M. Forsyth and Jacob Forsyth, her husband, commenced their action of ejectment in this court on the twenty-fifth of July, 1874, against Sylvaas P. Van Winkle, Richard Robinson, Charles Rose, James Lanagan, and John A. Smale, to recover possession of a large amount of real estate in Lake county, Indiana. Process was duly served on all the defendants.

On the seventeenth of December, and before appearance to the action, the plaintiffs filed, against the defendant Smale only, a separate complaint, embracing part of the lands described in the original complaint, and at the same time filed a separate complaint against the defendant Rose, embracing another part of the lands described in the original complaint. After these separate complaints were filed,—on the twentieth of January, 1875,—no answers having yet been filed to any of the complaints, the court ordered "that the said complaint against Smale stand as the complaint in this action, and that the complaint against Rose be docketed as a distinct and separate action," which was done.

To this complaint Smale filed a demurrer, which was overruled. On the thirtieth of June, 1876, it appears from the record that the "defendants" were ruled to answer. On the fourteenth of November, Smale answered the amended and separate complaint against him, and the general denial was filed for the defendants. The case was then put at issue on the special answer of Smale by a reply in general denial. The cause was heard before the court on stipulation of counsel, and the record shows that on the sixth of June, 1879, judgment was rendered for the plaintiffs against John A. Smale for the recovery of the land described in the amended complaint, and against all the

defendants for costs. On the seventeenth of March, 1880, on motion filed the day previous, an order was entered vacating the judgment, and granting a new trial under the statute as of right, the costs having been paid, and the death of defendant Smale was suggested. · On the seventeeth of May, 1881, the plaintiffs entered a special appearance by counsel who had not heretofore appeared in the case, and moved the court to set aside the order vacating the judgment and granting the new trial, among other reasons because—

(1) The motion for a new trial was not made by John A. Smale, nor by his heirs, assigns, or representatives, he being the only defendant against whom a judgment of ejectment was rendered, and that Smale had died between June 6, 1879, and March 16, 1880, to-wit, in September, 1879; (2) that the motion for a new trial does not disclose that any judgment in ejectment had been rendered.

It is urged, in opposition to the motion by counsel now for the first time appearing for defendants, that Smale's co-defendants occupy such a relation to · the issue which was tried by the court as to be affected by the judgment, and that, therefore, they are within the letter and spirit of the statute, which allows the unsuccessful party a new trial as matter of right; that the application for a new trial was made for the benefit of Smale's heirs as well as his co-defendants; that the statute is remedial and should be liberally construed; and that the motion to vacate comes too late.

Section 601 of the Code provides—,

That the court rendering the judgment, at any time within one year thereafter, upon the application of the party against whom the judgment is rendered, his heirs or assigns or representatives, and upon the payment of all costs, and of the damages if the court so direct, shall vacate the judgment and grant a new trial.

Section 602 provides—

That if the application for a new trial is made after the close of the term at which the judgment is rendered, the party obtaining the new trial shall give the opposite party 10 days' notice thereof before the term at which the action stands for trial.

After all the defendants had been served with process, and before any of them had appeared to the action, the plaintiffs filed an amended or separate complaint, embracing only part of the lands described in the original complaint, against the defendant John ·A. Smale alone. Shortly after this was done the court ordered that the amended complaint should thereafter stand as the complaint in the case. The controversy was thus limited to one between the plaintiffs and the defendant Smale, so far as the lands described in the amended complaint were concerned. No issue was tendered by the amended complaint to any one but Smale, and no rights of his co-defendants in the original complaint to the land described in the amended · com-

plaint and the judgment in ejectment were affected by that judgment. It is true that the suit continued to be entitled as it was originally docketed, and the word "defendants" appears at times in the pleadings and record, instead of the word "defendant," but this was, perhaps, a misuse of the plural; and the whole record sufficiently shows that the controversy which was submitted to the court was between the plaintiffs and Smale only.

After dismissing as to Smale's co-defendants, as the plaintiffs in effect did by their amended complaint,—to the extent, at least, of the lands described in that complaint,—and taking judgment against Smale alone for those lands, the plaintiffs could claim nothing under that judgment against any one but Smale. No one being concluded by the judgment but Smale, it follows that no one was entitled to a new trial but Smale, his heirs, assigns, or representatives. The judgment in ejectment, as already stated, was limited to Smale only. It is only at the conclusion of the judgment that the plaintiffs are shown to have recovered costs of the "defendants." Neither at the time of vacating the judgment of ejectment, nor at any subsequent time until to-day, has it been made to appear that Smale died leaving heirs, assigns, or representatives.

The new trial was taken at a subsequent term, and it does not appear from the record, or any evidence before the court, that the plaintiffs have lost their right to have the erroneous order granting a new trial vacated.