LOUISE M. HOWELL et al., Appellants, *v.* CLARA B. LEAVITT et al., WILLIAM H. DUNNING et al., as Trustees, etc., Respondents.

L., who had purchased land subject to a mortgage which by a covenant in her deed she assumed and agreed to pay, was evicted under a judgment against her in an ejectment suit. In an action subsequently brought to foreclose the mortgage, wherein a personal judgment was asked against L. for any deficiency, she set up the eviction by paramount title as a defense to this claim. She succeeded in her defense, but judgment of foreclosure and sale was rendered. *Held,* that the purchaser at the foreclosure sale was an assignee within the meaning of the provisions of the Code of Civil Procedure, §§ 1525, 1526, authorizing the vacation of a judgment in ejectment and the granting of a new trial "upon the appli-

cation of the party against whom it was rendered, his heir, devisee, or *assignee ;* " and that an order made upon the application of the purchasers vacating the judgment in the ejectment suit, granting a new trial and making them parties defendant therein, was properly granted.

(Argued October 10, 1882 ; decided October 17, 1882.)

APPEAL from order of the General Term of the City Court of Brooklyn, made June 22, 1882, which affirmed an order of Special Term vacating a judgment herein, granting a new trial and making William H. Dunning and others, trustees, etc., defendants.

This was an action of ejectment. The material facts appear in the opinion.

*William J. Gaynor* for appellants.

*D. P. Barnard* for respondents. A mortgagee or his assignee in possession of the mortgaged premises is protected in his possession by the mortgage. (*Jackson* v. *Minkler*, 10 Johns. 480 ; *Jackson* v. *Bowen*, 7 Cow. 13, 19, 20 ; *Van Dwyne* v. *Thayre*, 14 Wend. 233, 236 ; *Phyfe* v. *Riley*, 15 id. 248, 254 ; *Fox* v. *Lipe*, 24 id. 164, 167 ; *Olmsted* v. *Elder*, 3 Sandf. 325, 327, 328 ; *Bell* v. *Ulmar*, 18 N. Y. 139, 141, 142 ; *St. John* v. *Bumstead*, 17 Barb. 100 ; *Winslow* v. *Mc-Call*, 32 id. 241 ; *Bolton* v. *Brewster*, id. 390 ; *Sahler* v. *Signer*, 45 id. 606 ; *Hubbell* v. *Moulson*, 53 N. Y. 225, 226 ; *Chase* v. *Peck*, 21 id. 581 ; *Hubbell* v. *Sibley*, 50 id. 468, 472 ; *Madison Ave. Bap. Ch.* v. *Oliver St. Bap. Ch.*, 73 id. 82, 94.) The purchaser of mortgaged premises by a deed from the mortgagee, or from an officer on the foreclosure of the mortgage, is deemed to be an assignee of the mortgage. (*Jackson* v. *Minkler*, 10 Johns. 480 ; *Jackson* v. *Bowen*, 7 Cow. 13 ; *Robinson* v. *Ryan*, 25 N. Y. 320 ; *Vroom* v. *Ditmas*, 4 Paige, 526 ; *Gage* v. *Brewster*, 31 N. Y. 218, 224 ; *Winslow* v. *Clark*, 47 id. 261, 263 ; *Miner* v. *Beekman*, 50 id. 337, 345 ; Code of Civil Procedure, § 1632 ; 2 R. S. [Edm. ed.] 200, § 158.) The defendant, Leavitt, had a good defense to the action of eject-ment pending the action brought by the Howells to redeem,

in which it was conceded that she was to be treated as a mortgagee in possession. (*Hubbell* v. *Moulton*, 53 N. Y. 225.)

FINCH, J. The premises in dispute were originally owned by Ephraim H. Howell, but subject to two mortgages ; the first for $5,500, and the second for $1,800. An action was commenced in 1857 to foreclose the second mortgage by Ebenezer L. Roberts who was its holder, and service of the summons on Howell was made by publication upon the ground that he had left his residence in Westchester county, and could not be found. It was shown in the litigation which occurred at a later period, that Howell was in fact dead at the date of this service, and his equity of redemption had descended upon his heirs, who are the plaintiffs in the present action, and were not made parties to the foreclosure. Judgment of foreclosure and sale was rendered, and Roberts became the purchaser, and thereupon paid off and discharged the prior mortgage of $5,500. He then conveyed to Almira S. Coe, and she to Nancy Fisher, and thereupon the latter executed a mortgage to Dunning and others as trustees, who are the present petitioners, for $15,000. Subsequently she conveyed the premises to Henry W. Fuller, he assuming the payment of such mortgage as part of the purchase-price. Fuller conveyed afterward to the defendant Clara B. Leavitt, she in like manner assuming the payment of the Fisher mortgage. While Mrs. Leavitt was in possession under her deed, the heirs of Howell brought ejectment against her. She suffered a default and the plaintiffs took judgment and were put in possession. Soon after, the petitioners, Dunning, etc., trustees, began an action to foreclose their $15,000 mortgage. They made defendants, Mrs. Fisher and her husband, Fuller, Mrs. Leavitt and her husband. Judgment of foreclosure and sale was asked, and also for a deficiency against Mrs. Fisher and her husband, Fuller, and Mrs. Leavitt. The latter and her husband alone defended. She pleaded nothing which was a defense to the demand for a foreclosure and sale, but, alleging that she had been evicted by a paramount title, and thereby her covenant to pay the mortgage was without

consideration and not binding upon her, she resisted the claim of a personal judgment against her for a deficiency, and was successful in her defense. Judgment was entered accordingly. It decreed the foreclosure and sale, in accordance with the legal conclusions of the court, that plaintiffs were not entitled to judgment against Mrs. Leavitt for a deficiency, but were entitled to judgment of foreclosure and sale and for a deficiency against Fisher and Fuller. On the sale the petitioners became purchasers, and took the referee's deed. This vested in them all the estate and title of Mrs. Leavitt, derived from Fisher, and put them in her place as the assignees of her interest. The effect of their purchase was the same as if Mrs. Leavitt, having no other title than that of Fisher, had given them a deed of the land. ( *Vroom* v. *Ditmas,* 4 Paige, 526.)

The petitioners now ask that the judgment of the plaintiffs in ejectment against Mrs. Leavitt, taken by default, may be vacated, the default opened and a new trial had, and that they be substituted in the place of Mrs. Leavitt, whose rights they have acquired. The Code provides (§ 1525) that at any time within three years after judgment for the recovery of real property, "upon the application of the party against whom it was rendered, his heir, devisee or assignee," the court must on payment of costs, etc., "make an order vacating the judgment and granting a new trial in the action." It is further provided (§ 1526) that where the judgment is taken, by default the court may, within five years thereafter, upon the like application, order a new trial if satisfied that justice will thereby be promoted. The benefit of these provisions has been awarded to the petitioners, but the plaintiffs in the ejectment are here, resisting the order upon the ground that the petitioners are not the assignees of Mrs. Leavitt. The argument in support of this claim is that she had nothing to assign; that the judgment in the foreclosure action determined that she had no estate or interest in the land; that she could not be the assignor of what she did not have; and that a judgment in favor of Mrs. Leavitt and against the petitioners of no cause of action could not carry or assign to the latter

any right or interest of hers. But this last suggestion overlooks or fails to take into account the peculiar nature of the judgment. It was in her favor so far as to shield her from personal liability for a deficiency, but it was against her so far as it decreed a foreclosure and sale. In that respect it cut off her equity of redemption, and transferred to the purchaser her right in the land derived from Fisher, including the right of possession, such as it might prove to be. It put the purchaser in her place as the assignee of such right as she might be found to have possessed. And it does not help the argument to say that she had no interest or estate in the land as had already been adjudged. That is true in every case to which the remedy of a new trial applies. The very purpose of the provisions in that respect is to furnish opportunity to establish a title which has already been adjudged not to exist. It is conceded that Mrs. Leavitt could have made this application. Why not then the persons who stand in her place and have been clothed with all her rights in the land which is in dispute? If she had died, it is certain that her heirs could have made the application; although it might be said that they could not inherit what it had been adjudged their ancestor did not have. If she had made a will devising this real estate, the devisees could have applied, although it is easy to say that one cannot be a devisee of land to which the devisor had no title or right. The truth is, that the very purpose and object of the provisions under consideration is to permit a second trial of a disputed title. It goes upon the assumption that the defeated party has been adjudged to have no right but nevertheless allows him or those who stand in his place by descent or devise, or assignment, another opportunity of establishing the title which they claim to be good. We think, therefore, that the petitioners were the assignees of Mrs. Leavitt's rights in the lands in dispute and entitled to make the application.

The order should be affirmed, with costs.

All concur.

Order affirmed.