MAURER, Appellant, vs. STINER, Respondent.

*March 23 — April 12, 1892.*

*Statutory new trial: Obstruction of easement.*

**The right to a new trial as of course, under sec. 3092, R. S., exists only in actions of ejectment as defined in sec. 3073, and does not extend to an action for interruption of the use and enjoyment of an easement, although in such action the title or right to the possession of real estate may be finally determined.**

APPEAL from the Circuit Court for *Waukesha* County. The facts are stated in the opinion.

*D. J. Hemlock,* for the appellant, to the point that the statute does not contemplate the granting of a new trial as a matter of right in actions other than ejectment, cited *Shumway v. Shumway,* 42 N. Y. 143; Sedgw. & W. Tr. Tit. Land, secs. 484, 595, 608–9; *Knight v. Valentine,* 35 Minn. 367.

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *T. E. Ryan.* They cited *Schmitt v. Schmitt,* 32 Minn. 130; *Physio-Medical College v. Wilkinson,* 89 Ind. 23; *Compbell v. Hunt,* 104 id. 210; *Bucher v. Carroll,* 19 Hun, 618; *Conan v. Follis,* 61 Wis. 224.

PINNEY, J.   The plaintiff claimed an easement or right of private way over a certain strip of defendant's land, two rods in width, on several grounds, namely: (1) That it had been laid out by the supervisors as a private road; (2) that his ancestor and grantor purchased and paid $50 for it to the predecessor in title of the defendant; (3) twenty years' adverse user; and (4) ten years' adverse user and claim of right under an order of the supervisors of the town laying it out as a private way or road,— and in his complaint he charged the defendant, in substance, with interrupting and disturbing him in its use and enjoy-

ment, to his damage in the sum of $100. The defendant answered by general denial, and alleging that if any right of user existed it had been lost by abandonment and non-user, and that the defendant was at the time the lawful owner of the *locus in quo*, and in possession, and rightfully did the acts complained of. Upon a trial the plaintiff had a general verdict in his favor, with damages, upon which judgment was entered; and within one year thereafter the defendant paid the costs and damages, and applied for a new trial, as of right, under sec. 3092, R. S. The defendant complied with the usual statutory terms, and the court made an order vacating the judgment and granting a new trial, from which the plaintiff appealed.

The entire chapter (ch. 133, R. S.) relates only to "actions of ejectment," and by sec. 3073 "actions for the recovery of specific real property, or the possession thereof, with damages for the withholding thereof, are styled 'actions of ejectment,' and may be commenced and proceeded in as other civil actions are, except as hereinafter provided in this chapter." After provisions in subsequent sections, directing what judgment shall be entered in the various cases, sec. 3092 provides, in substance, that "the court in which any *such* judgment shall have been entered" may vacate the judgment and grant a new trial, upon terms therein specified, as a matter of right. This right is expressly confined by the terms of the statute to actions of ejectment. The power of a court to set aside judgments for the purpose of granting new trials as of course is limited to judgments in such actions. The statute in question was originally taken from the New York statutes (2 R. S. N. Y. 309), and in *Shumway v. Shumway*, 42 N. Y. 143, it was said that it applied "only to actions of ejectment, as the position of the section and its language clearly imported was its design. It was never applied to equitable actions, though they might and frequently did determine

not only the possession but the whole title to the premises in controversy. Neither was it ever applied to the action of trespass *quare clausum frègit*, which was strictly legal in its character, and by means of which the whole legal title and right to possession was involved." The court held that the section, as subsequently amended, still applied only to legal actions in the nature of ejectment. We are unable to perceive any ground upon which the statute can be extended to actions other than ejectment as defined in the statute. It does not apply to all actions in which the title to real estate or the right to possession thereof may be finally and conclusively determined, but only to actions for the recovery of specific real property, or the possession thereof, with damages for the withholding thereof. Sec. 3073, R. S. The cases determined under the Indiana statute, relied on by the respondent, are inapplicable, for the reason that the statute of that state refers to judgments in the several actions mentioned in the chapter of which it forms a part, and which is more comprehensive than ours, and applies to cases of actions to quiet title and other actions by which the title may be determined.

The cause of action here is for disturbance in the enjoyment of an easement or right of way, and is concerning an incorporeal hereditament, which lies not in livery but in grant, and for which an action of ejectment cannot be maintained; for the sheriff cannot deliver or put any one in possession of intangible property, such as an easement or mere right of way, on an *habere facias possessionem.* Godd. Easem. 3–5; Washb. Easem. 740; *Racine v. Crotsenberg,* 61 Wis. 481; *Child v. Chappell,* 9 N. Y. 246; *Strong v. Brooklyn,* 68 N. Y. 10. Although the judgment entered in this action may be conclusive on the question of right of way or easement claimed by the plaintiff, yet the court had no power to vacate it, and grant a new trial as of course, on

payment of costs.   The right of a second trial as of course, on payment of costs, exists only in actions of ejectment.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded.