Rupiper vs. Calloway.

RUPIPER, Respondent, vs. CALLOWAY, Appellant.

*November 9 — November 24, 1899.*

*Ejectment: Statutory second trial: Costs: Judgment, when adverse: Form: Conditions precedent: Practice.*

1. Under sec. 3092, Stats. 1898 (authorizing the court, upon application of the party against whom judgment in an action of ejectment had been rendered, to vacate the judgment and grant a new trial "upon condition that all costs recovered thereby . . . be paid," and that the applicant execute an undertaking to pay all costs which may be finally awarded the other party), the rendition of a judgment against the applicant creates the situation contemplated by the statute, the payment of costs, if any be recovered, being merely a condition of the relief.

2. In determining whether the judgment in an action of ejectment is adverse to a party, the court is not confined to the words used, but the judgment is to be considered with reference to the pleadings, and held to be as broad as the issues raised thereby, upon which the court passed or might have passed in reaching the final conclusion.

3. Where the plaintiff in an action of ejectment recovered part only of the land covered by the complaint, he is a party against whom a judgment has been rendered within the meaning of sec. 3092, Stats. 1898, and is therefore entitled to a second trial, although the judgment entered is silent as to the land which he did not recover and no costs were awarded against him.

4. In such a case the judgment should be so framed as to show on its face that the case went against the plaintiff on the merits as to that part of the land which he failed to recover.
5. Where the verdict of a jury is in favor of the plaintiff as to part of the land sought to be recovered but is silent as to the remainder, its effect as to the latter is a finding of no cause of action; hence a judgment dismissing the complaint as to the part not mentioned would satisfy the statutory requirement that the judgment shall be in accordance with the verdict.
6. The provision in said sec. 3092, Stats. 1898, requiring the applicant for a second trial to give an undertaking to pay the ultimate judgment for costs, should one be rendered against him, is a condition precedent to the vacation of the judgment, and a new trial should not be granted until the judgment has been vacated.
7. The better practice in granting a second trial is not only to require previous performance of the conditions mentioned in the statute, so far as they apply, but to so frame the order that it will show the facts in that regard and will in terms vacate the judgment and grant a new trial.

APPEAL from an order of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge. *Reversed.*

Appeal from an order made by the circuit court for Brown county granting a second trial in an action of ejectment, relying on sec. 3092, Stats. 1898. The action, as shown by the complaint, was instituted to recover of defendant 5.83 acres of land specifically described therein by metes and bounds. The verdict was for plaintiff for $212\frac{1}{2}$ rods of land only. A judgment was so rendered and for $146.15 costs. Within one year from the entry of such judgment plaintiff moved the court for a second trial under the statute, waiving his judgment for costs. Such motion was granted, an order being entered, absolute in form, with an added provision requiring an undertaking in the sum of $250 to the effect that plaintiff would pay all costs and damages which might finally be awarded to the defendant. The motion was based on the entire record in the cause and an affidavit showing that plaintiff, by the judgment, failed on the merits of the case to recover the lands claimed by him, except the $212\frac{1}{2}$ rods described in the judgment.

For the appellant there were briefs by *Greene, Vroman, Fairchild, North & Parker*, and oral argument by *J. R. North*.

For the respondent there was a brief by *Wigman & Martin*, and oral argument by *P. H. Martin*.

MARSHALL, J.  The first contention of the appellant is that sec. 3092, Stats. 1898, does not apply to a person circumstanced as respondent was when his motion was granted, because there was no judgment against him.  The wording of such section is as follows: "The court in which any such judgment shall have been rendered, otherwise than upon failure to answer, shall, upon application of the party against whom the same was rendered, his heirs, devisees, or assigns, within one year from the rendition thereof, vacate the judgment and grant a new trial upon condition that all costs recovered thereby or awarded on affirmance of such judgment on appeal or writ of error be paid, and that the applicant execute and file an undertaking, with sufficient sureties, in such sum as the court shall direct, to the effect that he will pay all costs and damages which may be finally awarded the other party."  It is claimed that the words "upon condition that all costs recovered thereby . . . be paid" indicate that the benefit of the statute is confined to persons against whom a judgment for costs has been rendered, thereby excluding one who has a judgment for costs in his favor.  The statute does not say that a person against whom a judgment on the merits, together with costs, shall have been rendered, may have a new trial.  That would require a reading into it of words not there by necessary implication or by the manifest intent of the legislature, which is not permissible.  Courts may ignore the literal sense of words even where there is no uncertainty of expression, in order to clear up obscurities and avoid absurd consequences, and to carry out the idea of the lawmakers, if such idea, in the light of all the aids that can properly be resorted to,

Rupiper vs. Calloway.

can be reasonably said to be covered by the language used (*State ex rel. Heiden v. Ryan*, 99 Wis. 123; *Indianapolis & St. L. R. Co. v. Horst*, 93 U. S. 300); but cannot arbitrarily read words into a statute or twist them out of their ordinary meaning for any purpose. In the statute under consideration it is provided, as before indicated, not that a person against whom a judgment for costs shall have been rendered may have a new trial, but that a person against whom a judgment has been rendered may have it vacated and a second trial, upon, as one of the conditions, payment of the costs recovered thereby. It is the fact that a judgment has been rendered against the party which creates the condition to be relieved by the statute. The payment of costs, if any be recovered by the judgment, is a condition of the relief. Obviously, if the judgment is adverse to a party, yet no costs are recovered of him thereby, the condition as to the payment of costs does not apply, but he is entitled to a second trial regardless of that condition.

The important question on this branch of the case is, Was plaintiff, when the new trial was ordered, a person against whom judgment had been rendered, within the meaning of the statute? In determining that, the court is not confined to the words of the judgment alone, any more than if called upon to determine the effect of a judgment in applying the doctrine of *res adjudicata*. In other words, the judgment is to be considered with reference to the pleadings, and held to be as broad as the isssues raised thereby, upon which the court passed or might have passed in reaching the final conclusion in the case. *Wentworth v. Racine Co.* 99 Wis. 26; *Cromwell v. Sac Co.* 94 U. S. 351; *Campbell v. Rankin*, 99 U. S. 261; *Van Valkenburgh v. Milwaukee*, 43 Wis. 574. Every issue raised by the pleadings, and which was decided or might have been decided in reaching the final conclusion involved, was as effectively closed by the judgment, to all future litigation between the parties, as the particular con-

clusion expressly covered by the language of the judgment. *Case v. Hoffman*, 100 Wis. 334; *School Trustees v. Stocker*, 42 N. J. Law, 115.

Applying the foregoing doctrine to this case, the issues raised by the pleadings, as to the land which plaintiff did not recover, were, by the judgment, viewed in the light of such pleadings, decided against him. That decision was embraced within the judgment by implication, against the plaintiff, just as effectively as the decision in his favor as to the lands he did recover. Hence, as to such unfavorable decision, the judgment was against the plaintiff within the meaning of the statute under consideration. Any other interpretation of such statute would lead to the absurd result that if a person sue to recover several tracts of land and fail as to all of them, he can obtain a second trial; but if a judgment be rendered, which, if it shall stand, will preclude him from recovering any of the land except some one tract, however insignificant, no second trial can be obtained. The plain intent of the statute, as remarked by the circuit judge in his opinion, citing *Howell v. Leavitt*, 90 N. Y. 238, is to give to a person defeated in an action of ejectment, as to any land claimed by him, a second trial upon his complying with the specified conditions. That intent is not only reasonably within the language of the statute, but plainly covered by it. The absurd consequences of a contrary construction, if there is any uncertainty calling for construction, and none is perceived, require the court to seek for some other meaning which is reasonable and in accordance with the manifest legislative idea. To that end a literal, liberal, or strict construction of the language used may be adopted, as may seem best calculated to carry out the real purpose of the lawmakers, if within the reasonable meaning of the language used. This keeps strictly within the rule that statutes which are plain, having regard to the expressions used as well as to the results which the plainness of expression, if followed,

Rupiper vs. Calloway.

will lead to, must be taken to mean just what the natural import of the words used signifies. *Duluth, S. S. & A. R. Co. v. Douglas Co.* 103 Wis. 75. It also keeps strictly within the rule that the right to a second trial in an action of ejectment is purely a creature of the statute, and that a person is not entitled to such right unless he is so circumstanced as to be within the statutory provisions, giving to them such fair scope and meaning as to effect the purpose to give to a person a second opportunity to establish his title before being finally concluded in ejectment proceedings. The right to recover the land described in the complaint, aside from that described in the judgment, was, as before stated, to all intents and purposes, adjudged against the plaintiff. He is concluded by that judgment, it having been rendered upon the merits. He was a party against whom the judgment was rendered, within the meaning of the statute, hence was entitled to have such judgment vacated, and to a new trial, upon his complying with the statutory conditions, the payment of costs not being one of them, because no costs were recovered by such adverse judgment.

It is further contended by appellant that the court erred in granting a new trial before the condition of the statute was complied with, respecting the giving of an undertaking to pay the ultimate judgment for costs, should one be rendered against the appellant. The language of the statute on that subject is plain. The giving of the undertaking is a condition precedent, not subsequent. A law would be exceedingly unreasonable that authorized the vacation of a judgment and the granting of a new trial upon a condition subsequent, which, if not performed, would require, in effect, a re-entry of the judgment, and unnecessarily deprive the successful party of the benefit of his recovery for a year, possibly. That meaning could not properly be attributed to a law unless plainly expressed, which is not the case in the statute under consideration. On the contrary, the lan-

Rupiper vs. Calloway.

guage, as well as the reason of the statute, plainly indicates that the conditions of the vacation of the judgment are precedent, and that the new trial cannot be granted till the judgment shall have been first vacated. That is in accordance with the decisions elsewhere, and previous decisions of this court. *Oetgen v. Ross*, 36 Ill. 335; *Haseltine v. Metcalf*, 66 Wis. 209; *Golden v. Snellen*, 54 Ind. 282; *Cook Co. v. Calumet & C. C. & D. Co.* 131 Ill. 505. In the last case cited, the court held, in effect, that until the conditions are performed, named in the statute, the motion should not be entertained granting a new trial. In *Oetgen v. Ross* it was held that for an order to be entered at all, prior to the statutory provisions being satisfied, is not the better practice, and that in any event, if so entered, it should be conditioned not to take effect till after the requisites of the statute are satisfied. In *Golden v. Snellen* it was held that the application for a new trial should not be made till the conditions precedent to its being granted are performed. Standard text writers uniformly refer to the performance of the statutory conditions as precedent to the entry of the order. Newell, Ejectment, 840; Sedgwick & W. Tr. Tit. Lands, § 598.

As a matter of practice it is considered that the judgment in this case should have been so framed as to show on its face that the case went against the plaintiff on the merits as to that part of the lands which he failed to recover. The fact that the effect of a judgment is to conclude a party as to land he fails to recover is at the foundation of the right to a second opportunity to litigate the question in that regard. *Forsythe v. Van Winkle*, 11 Biss. 108.

It is further considered that where the right of the party to several tracts of land is submitted to a jury and they render a verdict in favor of the plaintiff as to a part of such land and say nothing about the balance, the effect of it as to such balance is a finding of no cause of action, hence a

judgment dismissing the complaint as to such balance, satisfies the statutory requirement that the judgment shall be in accordance with the verdict.

It is further considered that it is the better practice to follow the statute strictly in entering an order for a second trial; that is, not only to require previous performance of the conditions mentioned in the statute, so far as they apply, but to so frame the order that it will show the facts in that regard and will in terms vacate the judgment and grant a new trial. The order here says nothing about vacating the judgment. The only way we can reach a conclusion that it was vacated is by inferring that, since the motion was for a new trial in conformity to sec. 3092, Stats. 1898, it included a request for a vacation of the judgment, and that, since the order in terms granted the motion, it operated as a vacation order as well as an order granting a new trial. It is just as easy, however, to follow the statute in such matters, in fact easier, it would seem, than not to do so, where the practitioner is seeking a strictly statutory right.

*By the Court.*— The order is reversed, and the cause remanded with directions to deny the motion.