NEWLAND, Appellant, vs. MORRIS and another, Respondents.

*February 1—February 18, 1902.*

*Ejectment: Second trial: Vacation of judgment: Undertaking: Justification of sureties.*

1. Sec. 3092, Stats. 1898, provides that the court in which any judgment in ejectment shall have been rendered shall, upon application of the defeated party within one year from the rendition thereof, vacate the judgment and grant a new trial "upon condition that all costs recovered thereby . . . be paid," and that "the applicant execute and file an undertaking" as therein prescribed. *Held*, that the giving of such undertaking is a condition precedent to the vacation of the judgment, and that a new trial should not be granted until the judgment has been vacated.

2. Sec. 3092 further provides that the sureties on such undertaking "shall justify their responsibility in the same manner as bail on arrest;" and sec. 2704 provides that the qualification of each bail on arrest must be that he is a resident and householder or freeholder, and worth the amount specified in the order of arrest "in property within the state," exclusive of property exempt from execution. *Held*, that the right to a second trial in ejectment being purely statutory, and the giving of the undertaking prescribed being a condition precedent, omission to insert in the justification attached to such an undertaking the words, "in property within the state," is fatal to the order vacating the judgment and granting a second trial.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

For the appellant the cause was submitted on the brief of *Bouck & Hilton.*

For the respondent there was a brief by *A. M. Spencer,* attorney, and *Pierce, Lehr & Moeskes,* of counsel, and oral argument by *Humphrey Pierce.*

CASSODAY, C. J. This is an action of ejectment to recover the land described, of which the plaintiff claims to be the absolute owner in fee. The defendant *Archibald Morris* answered by way of a general denial. The defendant *Alice Morris,* in addition to such denial, answered by way of an equitable counterclaim to the effect that September 2, 1889, she entered into the possession of the premises under an oral agreement with one Solomon Fielding, who then had title to the land, whereby she was to have the title to the land conveyed to her by him in consideration of certain services, care, and support during his life, as therein alleged, and that she had fully performed the same on her part, and that she had also made improvements on the land, relying upon such agreement, at a cost of $1,500, but that Solomon Fielding died August 20, 1899, without making a conveyance to her as he had agreed; and that the plaintiff took title to the land knowing all the facts. The trial court found against the defendants and in favor of the plaintiff upon all questions at issue, and that the defendants wrongfully and unlawfully withheld the possession of the premises from the plaintiff, and assessed his damages at $100, and judgment was ordered thereon accordingly. Such judgment was entered in the usual form April 23, 1901, and for $100 damages and $121.75 costs and disbursements as taxed. June 25, 1901, the defendants paid into court and to its clerk the amount of the costs and disbursements so taxed, and also filed an undertaking with two sureties for a new trial under the statutes, in the sum of $300, containing the following condition and undertaking:

"The condition of the above obligation is such that whereas the above-bounden *Alice Morris* and *Archibald Morris* have applied to the court in the above-entitled action for an order

setting aside the judgment rendered in said action in favor of the plaintiff and against the defendants therein, and granting a new trial on all the issues involved in said action in accordance with the statutes of the state of Wisconsin in such cases made and provided:

"Now, therefore, if said court shall grant said order, and the same be made and entered of record, granting a new trial to the defendants in said action upon all the issues involved therein, and said defendants shall well and truly pay all costs and damages which may be finally awarded the plaintiff in said action, then and in such case the above obligation shall be null and void; otherwise to remain and be in full force and effect."

Signed by the two defendants, and two persons as sureties, in the presence of two witnesses. November 8, 1901, the trial court made an order reciting the facts stated, and also that the defendants had paid the costs as taxed, and given and filed a bond with sufficient sureties, as provided by sec. 3092 of the Statutes of 1898, as therein made and provided, all of which had been duly made to appear to that court; and upon motion of the attorney for the defendants it was thereby:

"*Ordered* that, under and by virtue of section 3092 of the Wisconsin Statutes of 1898, the judgment in this action be, and is hereby, vacated and set aside, and a new trial be, and hereby is, granted, in this action, upon all and each of the issues thereon, viz., upon the issue of law made by the defendants' answer to the legal claim made by the plaintiff's complaint, and also upon the issue upon defendant *Alice Morris'* counterclaim, to wit, equitable defense set up and made by the answer of the defendant *Alice Morris,* and also upon the issues that may be raised by any and all other and further pleadings that may be made and allowed in this action."

From that order the plaintiff brings this appeal.

As indicated in a recent decision of this court, the statute contemplates that the order be made "upon condition that all costs recovered thereby . . . be paid," and "that the applicant execute and file an undertaking" as therein prescribed. Sec. 3092, Stats. 1898; *Rupiper v. Calloway,* 105 Wis. 4.

Here the undertaking was filed and costs paid June 25, 1901, pursuant to an order of the trial court made June 22, 1901, giving permission to file the same and pay such costs; and proceedings on the judgment were thereby stayed to enable the defendants to comply with the statutes, and to enable the respective parties to be heard on the application. The order vacating the judgment was not made until some months afterwards, but it refers to the bond or undertaking and the sureties in a way to show that the court acted upon it and approved of it. The statute provides that the undertaking shall be *"in such sum as the court shall direct,* to the effect that he will pay all costs and damages which may be finally awarded the other party." In the recent case referred to it was held that the giving of the undertaking as prescribed by the statute was "a condition precedent to the vacation of the judgment," and that "a new trial should not be granted until the judgment has been vacated." *Rupiper v. Calloway, supra;* sec. 3092, Stats. 1898. That section also provides that "the sureties shall justify their responsibility in the same manner as bail on arrest." Id. The qualifications of bail on arrest must be as follows: "(1) Each of them must be a resident and householder or freeholder within the state. (2) They must each be worth the amount specified in the order of arrest, in property within the state, exclusive of property exempt from execution." Sec. 2704, Stats. 1898. The justification of each of the sureties to the undertaking in question states that he is a resident and freeholder of the county and state, and that he "is worth the sum of six hundred dollars over and above all his debts and liabilities and exemptions," but fails to state that he is worth that amount *"in property within the state,"* as prescribed by the statute. Such right of a new trial being purely statutory, and the giving of the undertaking prescribed being a condition precedent, such omission seems to be fatal.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.