NEWLAND, Appellant, vs. MORRIS and another, Respondents.

*September 2 — September 23, 1902.*

*Ejectment: New trial: Equitable counterclaim: Undertaking: Justification of sureties: Payment of costs: Interest.*

1. Interposition of an equitable counterclaim in an action of ejectment — as for specific performance of a contract to convey the land—does not make a new or separate action in which the right to a new trial under sec. 3092, Stats. 1898, does not exist. That statute secures to the defeated party in ejectment a right to a second trial of all the issues disposed of by the judgment, whether they were legal or equitable.

2. The fact that the undertaking for payment of costs and damages under sec. 3092, Stats. 1898, was conditioned upon the granting of a new trial upon all the issues involved, did not lessen the obligation to pay when the new trial was in fact granted, and did not render the undertaking insufficient.

3. Justification of the sureties on such undertaking in conformity with sec. 2704, Stats. 1898, is sufficient.

4. "All costs recovered" by the judgment, payment of which is, by sec. 3092, Stats. 1898, made a condition of the granting of a new trial thereunder, means the face of the costs only, without interest.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This is an action of ejectment. The complaint is in the usual form. The defendant *Archibald* answered by general denial. The defendant *Alice* answered by general denial, and

set up an equitable counterclaim for the specific performance of an oral contract with one Fielding for the lands described in the complaint; that plaintiff knew of such agreement when he received title; and that he obtained title by fraud and undue influence, with intent to defraud the defendant. She asked judgment that she be declared to be the owner of the premises, and that the plaintiff be adjudged to execute a deed. Both parties claimed title through Fielding.

The issue on the counterclaim was tried by the court at the November term, 1899. The court found for plaintiff. At the April term, 1901, the ejectment issue was tried by the court, a jury having been waived, and was determined in plaintiff's favor. Judgment was entered April 23, 1901, dismissing defendant's counterclaim and adjudging title in plaintiff. Costs were taxed and included in the judgment, amounting to $121.75. On June 23, 1901, defendant paid that sum into court. On April 9, 1902, defendant filed an undertaking, and made an *ex parte* application for a new trial under sec. 3092. On April 11th the court made an order vacating the former judgment, and granting a new trial upon all the issues made by the pleadings, including the issue made by the counterclaim. The plaintiff filed due exceptions, and brings this appeal.

For the appellant there was a brief by *Bouck & Hilton,* and oral argument by *Gabe Bouck.*

For the respondents there was a brief by *A. M. Spencer,* attorney, and *Pierce, Lehr & Moeskes,* of counsel, and oral argument by *Mr. Spencer.*

BARDEEN, J. The plaintiff urges the following objections to the validity of the order appealed from: (1) That the court had no jurisdiction to grant a new trial upon the issue made by the counterclaim. (2) The defendant did not give the undertaking required by law. (3) The defendant failed to pay interest on the costs recovered by the judgment.

1. The theory of plaintiff is that, when the defendant *Alice Morris* interposed an equitable counterclaim, it had the effect to make two separate actions in one suit,—the one an action of ejectment, in which a new trial as of course, under sec. 3092, Stats. 1898, might be had; and the other an action for specific performance of a contract, in which no such right exists. It is true that the right to a new trial as of course, under sec. 3092, exists only in actions of ejectment as defined in sec. 3073, and that such right does not exist in equitable actions, though they might not only determine the possession, but the whole title, to the premises in controversy. *Maurer v. Stiner,* 82 Wis. 99, 51 N. W. 1101. The weakness of the plaintiff's contention arises from the assumption that we have here two separate actions. Sec. 3073 says that actions for the recovery of specific real property or of the possession thereof, with damages for the withholding thereof, are styled "actions of ejectment." Sec. 3078 provides that the defendant, in his answer, may set up any matter as defense which would have heretofore formed an equitable defense, in which case the answer must contain a demand for such judgment as he claims. Such right exists by virtue of the statute only, and, to make it available to the defendant, so that he may secure an affirmative judgment, it is necessary that the matters constituting the equitable defense should be set up as a counterclaim. *Dobbs v. Kellogg,* 53 Wis. 448, 10 N. W. 623. The obvious purpose of the statute is to enable the parties to settle all controversies regarding the title and possession of the land in controversy in one action. Sec. 3088 makes the judgment rendered in any such action conclusive as to the title established therein upon the party against whom it is rendered. In determining whether such judgment is adverse to a party, the court is not confined to words used in the judgment, but may inspect the pleadings; and the judgment is to be considered as broad as the issues raised thereby, and as disposing of all the matters upon which

the court passed or might have passed in reaching the final
result.  *Rupiper v. Calloway,* 105 Wis. 4, 80 N. W. 916.
Sec. 3092 says that: "The court in which any such judgment
has been rendered . . . shall, upon application of the
party against whom the same was rendered, . . . vacate
the judgment and grant a new trial upon condition that all
costs recovered thereby . . . be paid and that the appli-
cant execute and file an undertaking," etc.  It will be ob-
served that this section contains no words of limitation or re-
striction, except such as relate to the payment of costs and the
giving of the undertaking.  The mandate to the trial court
that it shall "vacate the judgment and grant a new trial" is
plain, clear, and unequivocal.  It must be construed to mean
just what it reads.  It is the judgment that disposes of all the
matters on which the court on the trial passed or might have
passed in reaching its final conclusion, as disclosed by the
pleadings permissible in such cases, that is to be set aside.
The new trial to be granted is a new trial upon the issues dis-
posed of by the judgment.  There is no ambiguity, obscurity,
or uncertainty in the language used.  In such case interpreta-
tion is not allowed.  *Ogden v. Glidden,* 9 Wis. 46; *Boland v.
Gillett,* 44 Wis. 329; *State ex rel. Banks v. McClure,* 91 Wis.
313, 64 N. W. 992.  The mistake made by the learned counsel
for the plaintiff is in assuming that the statute must be lim-
ited to cases in which a legal defense only has been made.  No
such limitation can be read into the statute except by main
strength.  In *Cheesebrough v. Parker,* 25 Kan. 566, the action
being ejectment, the defendants set up an equitable defense,
upon which judgment was rendered in their favor.  The trial
court denied an application for a second trial.  The judgment
was reversed in the supreme court, the court saying that it
was a grand mistake to suppose that by setting up an equi-
table defense in an answer the right of the plaintiff to a second
trial under the statute could be abridged.  We cite this case in
answer to the suggestion of plaintiff's counsel that, if *Mrs.*

*Morris* had prevailed on her counterclaim, plaintiff would not have been entitled to a second trial. We are content to take the statute as it reads, and hold that it secures to the defeated party a right to a second trial, whether the issues be legal or equitable.

2. We find no difficulty with the undertaking given by defendant. It complies with substantial certainty with the requirements of sec. 3092. The condition recited, that, if a new trial is granted on all the issues, the parties undertaking to pay, etc., does not lessen the obligation to pay when the new trial is in fact granted.[1] The undertaking is in form the same as was considered when this case was here before (113 Wis. 394, 89 N. W. 179), except that the justification of the sureties has been corrected. Such justification is in conformity with the requirements of sec. 2704, and must be held sufficient.

3. The judgment was entered April 23, 1901, the costs being taxed at $121.75. On June 23d thereafter defendants deposited that sum with the clerk of the circuit court, without interest. The question proposed by plaintiff is whether the judgment for costs must be paid with accrued interest. A majority of the court are of the opinion that where the statute says such new trial shall be granted "on condition that all costs recovered" by the judgment shall be paid it means the face of the costs, and does not include interest which may accrue from date of rendition of the judgment to time of payment. I confess my inability to agree with this conclusion, and will content myself with a dissent from this proposition.

*By the Court.*—The order is affirmed.

---

[1] The condition of the bond or undertaking was as follows: "Now, therefore, if the said court shall grant said order and the same be made and entered of record granting a new trial to defendant in said action upon all the issues involved therein and said defendants shall well and truly pay all costs and damages which may be finally awarded the plaintiff in said action, then and in such case the above obligation shall be null and void, otherwise to remain and be in full force and effect."—REP.