COBIAN, Respondent, vs. TIYSIC, Appellant.

*May 4—June 5, 1923.*

*Adverse possession: Evidence: Sufficiency: Trespass: New trial: Ejectment: Statutes: Adoption from another state: Construction.*

1. Evidence that plaintiff and his predecessors in title under claim of written instruments cut the merchantable timber from land and thereafter cut firewood and fencing material from it as needed, was sufficient to establish adverse possession under sec. 4212, Stats. (providing that the use of land for obtaining a supply of firewood, fuel, or fencing timber shall constitute adverse possession), though the use of the land for that purpose was at recurring periods and not annually, especially where defendant leased a part of the land for a period of three years from plaintiff's grantor.

2. In an action for trespass on land, defendant is not entitled to a new trial as a matter of right under sec. 3092, Stats., as that section relates only to actions of ejectment as defined in sec. 3073, and does not include other actions though title to land may be adjudicated in them.

3. Sec. 3092, Stats., having been adopted from the state of New York, the construction given it by the New York courts became a part of the statute after its enactment in this state.

APPEAL from a judgment of the circuit court for Pierce county: GEORGE THOMPSON, Judge. *Affirmed.*

Action for trespass. Judgment entered for plaintiff, and defendant appealed.

*W. T. Doar* of New Richmond, for the appellant.

For the respondent there was a brief by *White & White* of River Falls, and oral argument by *Ferris M. White.*

VINJE, C. J. A finding by the trial court of adverse possession under secs. 4211 and 4212, Stats., of an unfenced strip of timber and brush land of about eight acres, being the portion of a certain forty-acre tract lying south of a county highway, is sustained by evidence showing that plaintiff and his predecessors in title, under claim of written instruments of title, cut off the merchantable timber thereon about eighteen years ago, and since that time have cut firewood from it as needed, though not annually but at recurring periods, and have never been molested in the possession of the strip; and this is especially so where it appears that for the years 1917, 1918, and 1919 the defendant leased part of the strip from plaintiff's grantors for a pasture and was permitted to grub up a part of the strip and have crops for two years for the grubbing.

Sec. 4212 provides that "for the purpose of constituting an adverse possession by any person claiming a title founded upon some written instrument or some judgment land shall be deemed to have been possessed and occupied in the following cases: . . . (3) Where, although not inclosed, it has been used for the supply of fuel or of fencing timber

Cobian v. Tiysic, 181 Wis. 65.

for the purpose of husbandry or for the ordinary use of the occupant." For cases discussing the scope and meaning of this section see *Pitman v. Hill,* 117 Wis. 318, 94 N. W. 40; *Ovig v. Morrison,* 142 Wis. 243, 125 N. W. 449; *Progress Blue Ribbon Farms v. Harter,* 147 Wis. 133, 132 N. W. 895; *Zellmer v. Martin,* 157 Wis. 341, 147 N. W. 371.

The defendant claims the court erred in not granting him a new trial as a matter of right under the provisions of sec. 3092, Stats. That section relates only to actions of ejectment as defined in sec. 3073, and does not include other actions though title to land may be adjudicated in them. *Maurer v. Stiner,* 82 Wis. 99, 51 N. W. 1101; *Newland v. Morris,* 115 Wis. 207, 91 N. W. 664; *Shumway v. Shumway,* 42 N. Y. 143.

Our ejectment statute was taken from New York and the construction given it by the New York court became a part of the statute. In the *Shumway Case* the court said the statute applied "only to actions of ejectment, as the position of the section and its language clearly import was its design. It was never applied to equitable actions, though they might and frequently did determine not only the possession but the whole title to the premises in controversy. Neither was it ever applied to the action of trespass *quare clausum fregit,* which was strictly legal in its character, and by means of which the whole legal title, including the right of possession, was involved." This language of the New York court was quoted with approval in *Maurer v. Stiner,* 82 Wis. 99, 51 N. W. 1101. It follows that the trial court properly denied defendant's motion for a new trial as a matter of right under the statute.

*By the Court.*—Judgment affirmed.