MATTHEW LAFLIN, Appellant, *v.* AUGUSTUS HERRINGTON *et al.*, Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

An execution issued after the death of the judgment debtor, is void, and if a sheriff sells land under it, his deed for the land is a nullity. Yet such a title, in the hands of a third grantee, coupled with seven years' successive actual possession, in the absence of fraud, is claim and color of title within the meaning of the first section of the second of March, 1839, entitled "An Act to quiet possessions, and confirm titles to land."

Under the Act of 1839, the payment of taxes must be co-extensive with the party's color of title and possession, claimed by him, or to some distinct part thereof, capable of ascertainment by metes and bounds, or to some undivided interest therein, capable of determination by computation.

To claim the benefit of this act, a party must pay all the taxes legally assessed upon the land embraced in his paper title, and covered by his possession.

The payment of taxes on an undivided twelve acres of a tract of land, assessed as thirteen acres, is not a payment of taxes within the meaning of the said section.

THIS cause was tried by the Court, J. M. WILSON, Judge, presiding, at February term, 1854, of the Common Pleas for

Cook County. The Court found the issues for the plaintiffs, and the defendant guilty of withholding the premises described in the declaration, and rendered judgment that plaintiffs recover the same. Motion for a new trial by defendant, and overruled. The defendant brings the case to this court by appeal.

C. BECKWITH and I. N. ARNOLD, for Appellant.

G. GOODRICH and G. MANNIERE, for Appellees.

SKINNER, J. This was an action of ejectment brought, on the 13th day of February, 1854, by Herrington and eight others, against Laflin, to recover nine-tenths of the whole, and nine-elevenths of the remaining tenth of the following premises:

That part of the north-west fractional quarter of section 22, T. 39 N., R. 14 east of the third principal meridian, bounded north by that part of said quarter section, conveyed by James Herrington, and Charity, his wife, to John S. Wright, by deed, bearing date December 3rd, 1834, recorded in book B, page 295, of the records of Cook county; west by the west line of said quarter section; south by land conveyed by James Herrington, and Charity, his wife, to Truman G. Wright, by deed, bearing date June 3rd, 1835, recorded in book H, of deeds, page 118; and on the east by Lake Michigan.

Laflin filed his plea of not guilty, and stipulated that at the time of the commencement of the suit, he claimed title to the premises. A jury was waived, the cause was tried by the court, and judgment of recovery in fee was rendered for plaintiffs, of the interest in their declaration claimed. Laflin appealed, and assigns for error the rendition of this judgment. The record being voluminous, only such portions of it will be referred to as may be essential to the points decided in this opinion.

On the trial, the plaintiffs proved that the land was patented by the United States to James Herrington; that James Herrington died in March, 1839, and that the interest in the plaintiffs' declaration claimed in the land, descended to the plaintiffs through said James Herrington.

Laflin proved a judgment, rendered in the circuit court of Cook county, on the 12th day of March, 1838, in favor of Harmon and Loomis, against James Herrington; that an execution against said Herrington issued upon said judgment, on the 8th day of July, 1840; that the same was levied upon the interest of said Herrington in the north-west fractional quarter of section 22, T. 39 N., R. 14 east of the third principal meridian, and a deed of the sheriff of Cook county, under sale upon said execution, to Giles Spring, dated 12th February,

1842; that Spring conveyed the same land to William H. Brown, 14th July, 1842, and that Brown conveyed the same land to Laflin, February 18, 1853.

Laflin proved that he and Brown, under whom he claimed, had had actual possession of the land, (without residence,) for seven successive years, prior to 1854, and up to the commencement of the suit; that they had paid the taxes on the land for the years 1848, 1849, 1850, 1851, 1852 and 1853, before the commencement of the suit, and that they paid the taxes of 1847 on an "undivided twelve acres of the tract." It was proved that the records of Cook county showed that the tract was assessed for the taxes of 1847, as thirteen acres of land; that the taxes of that year are marked on the records as paid on an undivided twelve acres, and that they were unpaid on one acre, as appears by said records, and that on the 4th day of July, 1848, one acre of the tract was sold for the taxes of 1847, to William H. Brown.

The question presented is, whether Laflin is within the provisions of the first section of the act of 2nd of March, 1839. The execution under which the land was sold to Spring, having issued after the death of James Herrington, the judgment debtor, was void, and the sheriff's deed to him, a nullity. *Prickett* v. *Hartsuck*, 15 Ill. 279; *Brown* v. *Parker*, 15 Ill. 307.

Although Laflin's title is void, by reason of the death of the judgment debtor prior to the issuing of the execution, upon which the land was sold by the sheriff to Spring, we hold his title, coupled with seven years' successive actual possession, in the absence of fraud, "claim and color of title made in good faith," within the meaning of the first section of said act.

As the views of this court, upon the construction to be given this section, will appear in an opinion delivered in another case, decided at the present term, it is unnecessary here to state them.

But we do not think Laflin has proved the payment of "all the taxes legally assessed upon such land," for the seven years of possession, within the meaning of this section. The purchase of one acre of the tract, for the taxes of 1847, by Brown, was not a payment of the taxes as to that acre. *Irving* v. *Brownell*, 11 Ill. 402.

Under the act of 1839, the payment of taxes must be co-extensive with the party's color of title and possession, so far as the color of title and possession relate to the lands, for the recovery of which the suit is brought, or to some distinct part thereof, capable of ascertainment by metes and bounds, or to some undivided interest therein, capable of determination by computation.

Land has boundaries; is known and ascertained by such

boundaries; the quantity is necessarily no part of the description; an undivided interest in lands is known and ascertained by its measure, or aliquot portion of the whole tract, described by certain boundaries.

" Twelve acres," or " twelve undivided acres," of a tract of land, are not twelve acres fixed by certain boundaries, nor are they an undivided portion of a whole tract, as one-fifth, one-ninth, and so forth. A deed for " twelve acres " of a tract of land, described by its metes and bounds, could convey nothing. The land could not be found, pointed out, nor could possession of it be given. Nor is " twelve acres undivided," of a tract of land, having fixed boundaries, any certain description, of itself, of an interest in the whole tract. It is no definite portion of the whole, capable of ascertainment by reference to the description.

What is left for the plaintiffs to recover, of the tract of land described in their declaration, in this action, and of what land, or of what interest in the land described, could a writ of restitution be executed?

These questions cannot, from the record in this case, be answered. The area, or quantity of land in the fractional quarter section, and also within the metes and bounds of the land described in the plaintiffs' declaration, is wholly uncertain. We cannot assume that the tract of land contains thirteen acres; nor can we assume that the taxes paid on an "undivided twelve acres," were paid on any particular portion of the tract containing twelve acres, nor upon twelve-thirteenths, or any other undivided portion of the whole tract.

The statute operates to bar the right, and the same reasons, as to certainty of description, apply as in cases of conveyance by deed.

What, in this case, does the payment of taxes shown, bar the plaintiff from recovering?

This can only be ascertained by knowing upon what land, or upon what interest in the entire tract, Laflin, and those under whom he claims, have paid the taxes for the seven years; and from the proof in the record, it cannot be determined upon what part of the tract, nor upon what portion, undivided of the whole, they have paid such taxes.

To bring Laflin within the provisions of the first section of the act of 1839, it is necessary that the proof show that he, and those under whom he claims, had actual possession of the land, under claim and color of title made in good faith, for seven successive years, and that he and they had paid the taxes during that period, on the land, or on some ascertained part thereof, or undivided portion of the same.

*Judgment affirmed.*

SEPARATE OPINION BY CATON, J.   I shall embrace this occasion to express my views in a very few words, upon the first section of the limitation law of 1839, so far as it is necessarily involved in the record before us.   If the record speaks the truth, it is undeniable that the whole of the taxes, on the land in controversy, for the year 1847, were not paid.   Brown paid the taxes on some undivided portion of the land, but upon no part were all the taxes paid, either by him or any one else. Assuming that there were precisely thirteen acres in the tract, then he paid twelve-thirteenths of the taxes upon the whole tract, and upon each part thereof, and no more.   Originally his paper title extended to the whole tract.   Subsequently he sold one specified acre of it.   Admitting that, by selling a part, he could circumscribe his paper title so as to relieve himself from the payment of the taxes upon the portion sold, still, if I understand that statute, it required him to pay all the taxes due upon the portion retained, and to which his paper title did extend, under which he claimed to hold and occupy the premises, and the possession of which is now sought to be defended under the statute.   The language of the statute is this: "Every person in the actual possession of lands or tenements, under claim and color of title made in good faith, and who shall, for seven successive years, continue in such possession, and shall also, during said time, pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of such lands or tenements, to the extent and according to the purport of his or her paper title."   Now, unless the payment of a *part* of the taxes, satisfies the requirements of a statute which declares that he shall pay *all*, then the demands of the statute were not answered, and the defendant could not claim its benefits.   All does not mean a part, but it means the whole.   This is a simple truism, not to be reasoned upon, and is supposed to be incapable of denial, where our language is understood.   He was bound, then, to pay all the taxes legally assessed upon the land embraced in his paper title, and covered by his possession. This he did not do, unless we assume to falsify the record, upon which alone we have a right to adjudicate.   I can see no legal mode of getting over or around this conclusion.

Whether he could or could not contract his possession, and limit his paper title, by disposing of a part of the land during the seven years, so as to exonerate himself from the obligation to continue to pay all the taxes upon the original tract embraced in his paper title, I do not express an opinion.   It is enough that he did not pay all of the taxes upon any part of the land, the possession of which is now sought to be defended under the

statute. Its provisions have not been complied with, and consequently it cannot afford any protection to the defendant below. I am very clear that the judgment should be affirmed.