MATTHEW LAFLIN, Plaintiff in Error, *v.* AUGUSTUS M. HER-RINGTON *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A second new trial in ejectment will not be granted because the defendant alleges he can make further proof, which proof was accessible to him on the other trial, and is merely cumulative, when he does not show any satisfactory reason for not having produced it.

The judgment of the court below, in refusing such new trial, unless it is clearly shown that error was committed, will not be disturbed.

THIS was a motion for a new trial, made by Laflin, on the 22nd day of March, 1856, which was overruled and denied.    The

application for the new trial was by petition of Laflin, setting forth that, on the 13th day of Feb., 1854, Augustus M. Herrington, Nathan Herrington, James Herrington, Alfred Herrington, Jane Herrington, Thaddeus Herrington, Mary Herrington, Margarette Herrington and Charles Herrington, commenced their action of ejectment in that court, against Laflin, for recovery of all but the undivided two-elevenths of one-tenth of that part of the N. W. fr. qr. Sec. 22, T. 39 N., R. 14 E., bounded on the north by that part of the quarter section conveyed by James Herrington and Charity, his wife, to John S. Wright, by deed dated Dec. 3, 18**4; west, by the west line of the quarter section ; south, by land conveyed by James Herrington and Charity, his wife, to Truman G. Wright, by deed dated June 3, 1835 ; and on the east by Lake Michigan. That Laflin filed the usual plea of not guilty in the cause, and such proceedings were had therein, that, on the 16th day of Nov., 1854, judgment was rendered for the plaintiffs without argument, and the petitioner took a new trial under the statute ; that, on the 29th day of March, 1855, the cause was tried by the court, and judgment rendered for the plaintiffs, from which judgment the petitioner took an appeal to the Supreme Court, to be held on the second Monday of June, 1855, and such proceedings were had in the Supreme Court that the judgment of the court below was affirmed ; that, upon the trial of the cause, such evidence was introduced as was set forth in the bill of exceptions, signed by the judge therein, which was referred to and made a part of the petition.

The petition then sets forth, that the Supreme Court decided that said evidence established that the petitioner and his grantor had been in actual possession of the premises, excepting one acre sold Best, under claim and color of title, made in good faith for seven successive years, and had paid all taxes legally assessed upon the premises during six years of the same, to wit, for the years 1848, 1849, 1850, 1851, 1852, and 1853, and the city taxes of 1847, assessed by city of Chicago.

And also setting forth that the premises were assessed by the assessor of Cook county, for the year 1847, as thirteen acres, at the rate of $200 per acre, and that the Supreme Court decided against the petitioner upon the sole ground that the county and State taxes for the year 1847, which were paid on the twelve acres, as shown by the evidence, detailed in the bill of exceptions, were not paid upon any specified twelve acres out of said thirteen acres.

And also setting forth, *that the ground upon which the case was decided in the Supreme Court was not taken by the plaintiff's counsel in the court below, nor was the same discussed either in the court below, or in the Supreme Court, by counsel of*

*either party;* that, on the 3rd day of August, 1847, Brown, under whom the petitioner claimed title by his deed of that date, conveyed to Matthias Best one acre of the land described in plaintiff's declaration, bounded as follows: commencing 19 chains 50 links east of the west line of the quarter section, at a point 23 chains 70 links from the north-west corner of said quarter section; running thence east 7 chains 80 links to Lake Michigan; thence north 1 chain and 30.07 links; thence west 7 chains and 50 links; and thence south 1 chain 30.07 links, to the place of beginning.

And further setting forth, that it is true, and he believes that he can establish the fact, that Brown, on the 27th day of Nov., 1847, paid the county and State taxes of 1847, on the twelve acres of the thirteen acres described in the plaintiff's declaration, which he had not then sold; and that the reason why said Brown did not pay the taxes on the other remaining acre was, that he had sold and conveyed the same to Best; that, at the time Brown paid the said taxes for the year 1847, on said twelve acres, he stated to Mr. Fitzsimmons, who acted for the collector, that he had sold one acre of the thirteen assessed to Mr. Best, and he wished to pay, and did pay, on the remaining twelve acres, and would leave the taxes on the said one acre, thus sold to Best, unpaid, for Best to pay; that the point upon which the case was decided was one upon which neither he nor his evidence had been heard; and believing that justice would be thereby promoted, and the rights of the parties more satisfactorily ascertained and established, he prayed the court to vacate said judgment and grant him a new trial. The petition was verified by the affidavit of the petitioner.

In support of the petition was offered the affidavits of William H. Brown and James Fitzsimmons.

This motion for a new trial was denied by J. M. WILSON, Judge, at February term, 1856, of the Common Pleas Court.

HIGGINS, BECKWITH and STROTHER, for Plaintiff in Error.

A. M. HERRINGTON, for himself and the others, Defendants in Error.

SKINNER, J. This was a motion under the 30th section of chapter 36, of the Revised Statutes, for a second new trial. The action of ejectment was commenced in February, 1854, which resulted in a judgment for the plaintiffs in that suit, and the defendant took a new trial under the statute. In March, 1855, another trial was had, which also resulted in a judgment for the plaintiffs; the defendant appealed to this court, and the judg-

ment of the court below was affirmed. *Laflin* v. *Herrington et al.*, 16 Ill. 301. This motion was made by the defendant after the affirmance of the judgment in this court, and before the expiration of one year after the judgment, upon the first new trial.

The judgment was affirmed in this court, on the ground that the evidence did not show payment, by defendant and those under whom he claimed, of the taxes assessed on the premises in controversy, for seven consecutive years, within the meaning of the first section of the limitation law of 1839. The evidence showing payment of taxes for the year 1847, one of the seven years, on *twelve acres of the tract* in controversy, without any location or certain description thereof, and that *one acre of the tract* without any further description of the same, was sold for the taxes of that year. The motion was accompanied by affidavits, setting forth, that one Brown, under whom defendant claimed, paid the taxes of 1847, on the *twelve acres*, and that defendant could prove by said Brown, that he intended to pay on twelve acres, part of the entire tract, and being all of the tract, except one acre, described by metes and bounds; and that he could prove by one Fitzsimmons that Brown so declared and expressed his intention to be, at the time of the payment and the taking of the collector's receipt. The affidavits also contain a certificate of sale to said Brown for taxes of 1847, on the one acre, and described as "1 acre of 13 S. adj. N. pt. of N. W. qr. of Sec. 22," &c.; a tax receipt to said Brown, for taxes of 1847, on the twelve acres, described as "12 acres in fr. Sec. 22," &c.; the collector's warrant for taxes of 1847, showing that the tract in controversy was assessed to said Brown as thirteen acres of land, and an entry therein of "12 a. paid" by said Brown, and shows the conveyance of one acre of the tract, by metes and bounds by Brown to one Best, before the payment of the taxes. Brown was examined as a witness for defendant on the second trial, and gave evidence tending to establish payment of the taxes of 1847, and the defendant now asks another trial, that he may have opportunity of more fully examining the same witness on the same point, and of adding thereto the cumulative evidence of Fitzsimmons.

The statute providing for new trials in ejectment causes, is evidently cumulative and independent of the causes for which new trials will be granted at common law; and decisions of the Circuit Courts upon motions grounded on it, may be excepted to and assigned for error, under the law of February 10th, 1849. Laws 1849, 132. See *Emmons* v. *Bishop*, 14 Ill. 152; *Vance* v. *Schuyler*, 1 Gil. 160; *Riggs* v *Savage*, 2 Gil. 400.

This being a motion for a second new trial, unless this court

can see that the court below, in view of the law and of the facts presented, should have been satisfied that justice would have been promoted, and the rights of the parties more satisfactorily ascertained, by granting another trial, the judgment should not be disturbed.

Courts must necessarily act upon rules and principles capable of general application in analogous cases, and practically subservient of justice; otherwise the administration of the law would be measured by the mere will or caprice of the courts. This court can only reverse the judgment of the court below for error in law committed by that court, and no error can have intervened, unless some principle of law is violated by the decision complained of.

It is plain that the additional evidence on account of which the second new trial is sought, was accessible to the defendant and within his power to produce, if he thought proper to do so, on the last trial, and no satisfactory excuse is shown for his declining or failing to produce it. The law rewards diligence, and will not excuse negligence. New trials will not be granted at common law, to enable a party to produce merely cumulative evidence, nor to produce newly discovered evidence, if the party by the use of reasonable diligence could have obtained the evidence on the trial. The law will not allow parties to withhold evidence, and then produce the same, piecemeal, by way of new trials, as they may deem the exigencies of the cause demands. *Crozier* v. *Cooper*, 14 Ill. 139; *Schlencker et al.* v. *Risley*, 3 Scam. 483.

It cannot have been the intention of the legislature to enable a party by withholding evidence within his reach, to re-litigate, on the plea that he did not regard such evidence important to the establishment of his rights, nor to enable a party having had a full hearing with opportunity and ability to produce his proofs, to try his cause anew, on the ground that the evidence withheld would meet the exigencies of a phase in law of his cause, which he had not before discovered. Where the proof sought to be made, as in this case, rests in the memory of witnesses, the temptation to fraud and perjury upon grounds of public policy would forbid any other construction of the statute. There is undoubtedly a class of cases where second new trials should be granted in ejectment causes, on account of surprise, accident and the like, where by the common law, a new trial would not be granted; but this in our opinion is not such a case.

*Judgment affirmed.*