VALENTINE JOEST

*v.*

LOUIS ADEL *et al.*

*Opinion filed April 20, 1904.*

1. PLEADING—*entering a decree pro confesso without disposing of demurrer is error.* Entering a decree *pro confesso* against a defendant without disposing of his demurrer to the bill is error.

2. SAME—*defendant not obliged to see that court disposes of demurrer.* A defendant who demurs to a bill has a right to assume that the court will not enter a default against him without disposing of the demurrer, and it is the duty of counsel for complainant to see that the demurrer is disposed of before taking a decree *pro confesso.*

3. BILLS OF REVIEW—*decree in review must not disregard the decree reviewed.* A decree upon a bill to review a former decree should first grant leave to open the former decree, and then, by proper orders, indicate to what extent, if any, the rights of the parties are affected by the review, and it is error to enter a decree entirely disregarding the former one.

4. PARTITION—*failure to require commissioners to set off a homestead and dower is error.* Failure of a partition decree to require the commissioners to set off homestead and dower to the defendant found by the decree to be entitled thereto, is error.

5. SAME—*a decree cannot order sale of a homestead and dower without written consent.* A partition decree requiring the premises to be sold clear of defendant's homestead and dower, without his consent in writing having been given to such sale, is erroneous.

6. SAME—*effect of former release by defendant of homestead and dower in mortgage.* That the defendant has released homestead and dower in a mortgage upon the property involved in a proceeding to partition the land and review a former decree assigning the defendant homestead and dower does not justify a decree ordering sale of the property free from homestead and dower without defendant's written consent thereto.

7. SAME—*when solicitor's fees should not be apportioned.* Defendant in partition should not be required to contribute to complainant's solicitor's fees where he urges, in good faith, a substantial defense.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. W. P. EARLY, Judge, presiding.

JOSEPH W. RICKERT, for plaintiff in error.

WINKELMANN & BAER, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Christine Joest was the owner in fee of the eighty acres of land involved in this litigation. She and her husband, Valentine Joest, plaintiff in error here, executed two mortgages on the land,—one to Ellen Hall and the other to Louis Adelsberger,—in each of which they released their homestead and dower rights. Christine died testate on January 15, 1900, leaving surviving her her husband, Valentine, and certain children by a former marriage. On August 14, 1900, Valentine, the husband, filed his petition in the circuit court of Monroe county for the assignment of his homestead and dower in said lands, and a decree was therein rendered assigning fifty acres thereof as and for his homestead and ten acres as and for his dower. On February 10, 1902, the present bill was filed by the devisees of Christine Joest, which was twice amended. The second amended bill was filed on October 7, 1902, and is in the nature of a bill of review, seeking to set aside the decree assigning homestead and dower to plaintiff in error, and for partition, subject to his rights, etc. To that amended bill he filed a demurrer, which the court failed to dispose of but entered a decree *pro confesso* against him, ordering partition of the lands and appointing commissioners for that purpose, but they reported the premises not susceptible of division and appraised the same at $1600. Thereupon a decree of sale was entered, in which it was ordered that the land should be sold free of the homestead and dower of plaintiff in error, and out of the proceeds of such sale there should be paid, first, $867.68, being the amount due on the said mortgages, in which Christine and Valentine had released their homestead and dower. The premises were sold for $1700, and to the master's report of sale plaintiff in error filed exceptions, which were overruled by the court and a deed thereupon executed to the purchaser. Out of the proceeds of the sale the mortgages were paid off, and the balance remains in the hands of the master in chancery.

Valentine Joest prosecutes this writ of error to reverse said decree of partition and sale.

It is first insisted that the court below erred in not ruling on the demurrer of plaintiff in error and in entering a default against him before the same was disposed of. As already said, the second amended bill was in the nature of a bill of review and also for partition. It alleged that the decree assigning homestead and dower to plaintiff in error was erroneous, and ought to be reviewed, revised and set aside, for the reason that no proof was made that Christine Joest was the owner in fee of said real estate, and because of the discovery of new and material evidence in said cause, etc., which said new matter complainants did not know of, and could not by reasonable diligence have known, so as to make proof thereof previous to and at the time of the hearing and pronouncing of said decree. Plaintiff in error's demurrer was to this bill, in which he alleged as special ground of demurrer that there was no error in law apparent on the record assigning to him homestead and dower upon his bill of August 14, 1900, and that complainants did not allege in their bill any new matter discovered since the entry of the former decree, authorizing its reversal or modification. On March 25, 1903, while the demurrer was still pending and undisposed of, the plaintiff in error was defaulted by the court and a decree *pro confesso* entered against him, as above stated. This was clearly reversible error. No default could be entered against him while the demurrer was pending and undisposed of. *McKinney. v. May,* 1 Scam. 534; *Laflin* v. *Herrington,* 17 Ill. 399; *Kankakee and Seneca Railroad Co.* v. *Horan,* 131 id. 288.

It is claimed by defendants in error that plaintiff in error by his silence waived his right to insist upon his demurrer. The position seems to be, that it was his duty to see that the demurrer was disposed of, and failing to do so, it is said he was silent. We do not understand that a party who has presented an issue to the court is re-

quired to be present at each stage of the subsequent proceedings to see and insist that that issue be disposed of. Here the defendant, having presented an issue of law, had a right to assume that the court would properly dispose of the same, as was its duty, without entering a default against him, and it was the duty of counsel for the complainants to see that that issue was so disposed of. There is nothing in the record which shows that plaintiff in error did anything to mislead the court or counsel, or that he has in any way estopped himself by acquiescence in the decree below. This error must therefore work a reversal of that decree.

There are, however, other serious defects in the proceedings proper to be considered, and obviated if another hearing shall be had. The bill was filed, in part, for the purpose of reviewing and setting aside a former decree assigning dower and homestead to the plaintiff in error. Upon such a bill the court, upon opening the former decree, should have affirmed, revised, reversed or modified the same according to the equities of the parties, but the chancellor, without entering any order to re-open the decree, proceeded to review the former proceedings and decreed the partition, heard the cause and disposed of the rights of the parties without making any order whatever disposing of plaintiff's homestead and dower rights previously assigned him. In other words, the division and partition of the premises were decreed in total disregard of such former assignment. Manifestly, this was error. The decree should have first granted leave to re-open and review the former decree, and then, by proper orders, indicated to what extent, if any, the rights and interests of the parties should be affected by such review. *Adamski* v. *Wieczorek*, 170 Ill. 373.

The decree of partition, as rendered, finds that Valentine Joest is entitled to homestead and dower in the premises, and in appointing commissioners to make the division and partition among the parties it fails to re-

quire them, before making such division and partition, to set off the homestead and allot dower in the premises, if the same can be done consistently with the interests of the parties, and if not, then to appraise the value of each piece and a true report make to the court. The failure to so order the commissioners was a violation of section 22 of chapter 106 of the Partition act, as construed in *Hickenbotham* v. *Blackledge,* 54 Ill. 318.

The decree of sale orders the premises sold free and clear of the homestead and dower of plaintiff in error, without his consent, in writing, having been given to such sale. This was also error, and in violation of section 32 of chapter 106, *supra,* and contrary to the decisions of this court in *Cribben* v. *Cribben,* 136 Ill. 609, *Drake* v. *Merkle,* 153 id. 318, and *Merritt* v. *Merritt,* 97 id. 243.

In answer to the last proposition it is insisted that the dower and homestead of plaintiff in error was duly and properly released in the mortgages executed by him, and consequently the court committed no error in ordering the premises sold free and clear of such encumbrance. If the proceeding had been to foreclose either or both of said mortgages there could be no doubt as to the propriety of the court granting an order of sale free and clear of the estate so released, but then plaintiff in error would be entitled to his equity of redemption. This, however, is not a foreclosure proceeding, but for partition, with allegations in the bill seeking a review of former proceedings under which homestead and dower had once been assigned, and it was clearly erroneous for the decree now before us to order a sale without the consent, in writing, of plaintiff in error.

It is further urged that the chancellor erred in allowing a solicitor's fee of $75 to the complainants' solicitor. Section 40 of chapter 106, entitled "Partition," provides that "when the rights and interests of all the parties in interest are properly set forth in the petition or bill, the court shall apportion the costs, including the reasonable

solicitor's fee, among the parties in interest in the suit, so that each party shall pay his or her equitable portion thereof, unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition.  In such case the party or parties making such substantial defense shall recover their costs against the complainants according to equity." There is nothing in the record to show that plaintiff in error did not urge his defense to the bill of complainants in good faith, and we think it was error to require him to pay any part of said solicitor's fee.

The decree will be reversed and the cause remanded to the circuit court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*