## Martha O. Berger v. George B. Neville.

1. CERTIFICATE OF EVIDENCE—*when motion to strike, will be denied.* Where the certificate of evidence is, in effect, a part of the decree entered in a cause, that is to say, is necessary to sustain the same, it will not be stricken from the record, notwithstanding it may contain no matter essential to a review of the case.

2. ABSTRACT—*when motion to strike, will be denied.* Where an abstract filed on appeal contains everything essential to a determination thereof, it is in proper form, and will not be stricken from the files.

3. SOLICITOR'S FEES—*when taxation of, as costs in partition proceeding, improper.* Where in such a case the allegations of the bill are not all sustained by the proof, and a substantial and successful defense has been interposed by one of the defendants, the taxation of complainant's solicitor's fees as costs is improper.

Partition proceeding. Appeal from the Circuit Court of Tazewell County; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed November 18, 1904.

A. O. SMITH, for appellant.

W. R. CURRAN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

June 29, 1903, appellee filed his bill for partition of certain real estate in Tazewell county, averring that one John W. Neville was in his lifetime and at the time of his death seized in fee thereof; that the said John W. Neville died intestate June 1, 1903, leaving appellee, his brother, and appellant, his sister, his only heirs at law; that at the time of the death of said John W. Neville, and since, the farm land described in said bill was occupied by one Elmer R. Neville, rent free, and that said Elmer R. Neville was entitled to the possession thereof until March 1, 1904; that said John W. Neville left no debts except his funeral expenses and that he left ample personal estate to pay all his debts and legal obligations; that Martha O. Berger was duly appointed administratrix of the estate of said John W. Neville, and had qualified and was acting as such ad-

ministratrix.. The bill prays for partition of the premises involved between appellee and appellant, and makes appellant in her own right and as administratrix, and Elmer R. Neville, parties defendant. To this bill appellant in her own right and as administratrix filed joint and several answers, admitting the material averments of the bill, except as to the free tenancy of Elmer R. Neville, and as to the sufficiency of the personal property of the estate of John W. Neville to pay his debts. As to these matters the answer denies that Elmer R. Neville was occupying the farm land rent free, and that John W. Neville left no debts other than funeral expenses and that he left personal estate sufficient to pay the legal obligations against his estate, but avers that said Elmer R. Neville was a tenant of said John W. Neville, under an agreement with said John W. Neville to pay to him as rent for the use of said premises, one-half of all the crops raised thereon, and that appellee and said Elmer R. Neville had agreed together to deny the existence of any such agreement to pay rent, for the purpose of depriving appellant of her share of said rent, and further avers that there had been a sale of the personal property of the estate of said John W. Neville; that all the debts due and owing said deceased had been collected; that there was less than $300 with which to pay about $400 in claims then on file and accrued costs, and that there were divers outstanding claims against said estate not yet filed for allowance in the County Court.

To this answer, appellee filed a general replication and thereupon the cause was referred to the master in chancery to take and report proofs, together with his conclusions of law and fact. Upon motion of appellee, the master proceeded to take the proofs necessary to support a decree declaring the rights of the parties in the lands, and reserved the taking of proofs upon the question of rents for further consideration. The master found the interests of the parties as averred in appellee's bill for partition, viz.: that appellee and appellant were each entitled to an undivided one-half of the premises, as tenants in

common. The master further found that the personal assets of the estate of John W. Neville were insufficient to pay the debts against said estate and costs of administration. By decree of the court the rights and interests of the parties were adjudged to be as found by the master; the matter of rents for the premises was ordered to be reserved for further consideration to be determined by a future decree, and commissioners were appointed to make partition or to appraise the value of the premises. By decree of court entered November 12, 1903, the report made by the commissioners was approved and a sale of the premises ordered. December 28, 1903, the master in chancery filed his report of sale of the premises, which report was approved by the court and on January 30, 1904, the court entered a decree for distribution of the proceeds of such sale, as follows: to appellee's solicitor, for his reasonable solicitor's fee to be taxed as costs, $450; to appellee and appellant, each the sum of $4,760.31, and to appellant as administratrix of the estate of John W. Neville, to pay debts of said estate, the sum of $500. It was further ordered and adjudged by the court that the cause be retained upon the docket to await the report of the master concerning the matter of rents of the lands in question. Appellant objected to the allowance and payment of a solicitor's fee to appellee's solicitor out of the proceeds of the sale in the hands of the master, and this appeal is prosecuted by her to reverse the decree of the court in that particular.

It further appears from the record that subsequent to the entry of the decree appealed from, the master heard proofs upon the question of rents, and made his report finding that Elmer R. Neville was at the death of John W. Neville, a tenant of the latter, holding over under a lease by the terms of which the said Elmer R. Neville was required to pay an annual rental of $400, and that said rent for the year 1903 was due and payable January 1, 1904.

Two preliminary questions are raised by appellee: first, by his motion to strike from the record the certificate of evidence and to affirm the decree, upon the grounds that

the certificate of evidence was not filed in the court below within the time provided by the order of the court granting the appeal, and that it does not contain all the testimony taken before the master in chancery in the cause; and second, by his motion to strike from the files of this court the abstract of the record because it omits the cross-bill filed by appellant and omits the evidence taken before the master under the order of reference upon the original bill.

The question involved in this appeal arises upon the bill, answer, findings of the master and the orders and decrees of the court and not upon any evidence heard by the court in the cause. No certificate of evidence was therefore necessary to preserve the question involved for review in this court. Flaherty v. McCormick, 123 Ill. 525. The bill, answer, report of the master, both as to proofs and findings, and the orders and decrees of the court are preserved in the record without a certificate of evidence. In so far as a certificate of evidence is necessary in the case, it is a part of appellee's decree, necessary to justify, sustain and preserve it. First Nat'l Bank v. Baker, 161 Ill. 281; Lawrence v. Lawrence, 181 Ill. 248. The motion to strike the certificate of evidence from the record is denied.

The abstract contains everything upon which error is assigned and omits nothing essential to the determination of the question involved, and the motion to strike it from the files is also denied.

Appellee having averred in his bill that Elmer R. Neville, named therein as a party defendant, was in occupancy of a part of the premises sought to be partitioned, and entitled to the possession of the same until March 1, 1904, rent free, and that there were ample personal assets belonging to the estate of James W. Neville to pay all legal obligations against said estate, was bound to establish the truth of those averments as against appellant, in her own right as co-tenant and as administratrix of the estate of James W. Neville, deceased. The issues raised by these averments in appellee's bill, were germane, and their determination in-

volved the substantial rights of appellant. Rhodes v. Rhodes, 78 Ill. App. 117; Wachter v. Doerr, 210 Ill. 242. Appellant was, therefore, justified in employing counsel to make such defense as was necessary to protect and conserve her rights in the premises, and having done so, she cannot be required by decree of the court to pay any portion of appellee's solicitor's fees. McMullen v. Reynolds, 209 Ill. 504. And this would be so even if such defense, interposed by appellant in good faith and upon reasonably substantial grounds, had been unsuccessful. Metheny v. Bohn, 164 Ill. 501; Joest v. Adel, 209 Ill. 432.

The defense interposed by appellant, both in her own right and as administratrix, was successful. It was adjudged and decreed by the court that the personal assets belonging to the estate of James W. Neville, deceased, were insufficient to pay the debts against said estate, and that $500 of the proceeds of the sale be paid to appellant as administratrix for that purpose.

Upon the question of rents, the master found that Elmer R. Neville was a tenant under a lease requiring him to pay $400 per annum rent, and that the rent for the year 1903 was due and payable January 1, 1904. Appellant is entitled to one-half of such rent as heir; and the defense interposed by her was doubtless necessary to secure her rights in that regard. The decree of the court directing the master to pay appellee's solicitor's fee out of the proceeds of the sale, requires appellant to pay one-half of such fee, and is erroneous in that respect.

The decree is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice PUTERBAUGH took no part in the consideration of this case.