## Nettie L. Swann, Appellant, v. Mary C. Moore et al., Appellees.

PARTITION, § 114*—*when solicitor's fees taxed in favor of complainant*. Solicitor's fees will not be taxed in favor of the complainant against all of the parties to a partition proceeding, where he did not correctly state in his petition all of the rights and interests of the various parties in the property, and employed the solicitor in his own behalf.

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed December 11, 1914.

EDWARD A. CRESS, for appellant.

HILL & BULLINGTON, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a bill in chancery filed August 18, 1913, by Nettie L. Swann against Mary C. Moore and five other

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

heirs of George P. Swann, deceased, praying for the partition of certain real estate therein described.

The original bill alleged that George P. Swann was at the time of his death the owner of a certain quarter section of land subject to a mortgage of $2,000, and also of certain residence property in the city of Hillsboro which the heirs had agreed should be sold at public auction; that said residence property had been sold at auction on August 16, 1913, under an oral agreement between the heirs; that a deed to the purchaser had not been executed and that the complainant is ready to execute a deed of the residence property. The bill prayed for a partition of the quarter section of land and the residence property if the sale of the residence should not be carried out.

An answer was filed on August 29th, setting up that the residence property had been sold and conveyed and that before the sale was made there was an oral agreement amongst all the heirs that the mortgage on the quarter section should be paid from the proceeds of the residence, for the reason that the holder of the mortgage was threatening that he was about to begin foreclosure proceedings; that after the sale of the residence had been made, complainant refused to execute the deed, unless her share of the proceeds should be paid to her without paying her portion of the said mortgage and that the same was paid to her; that the defendants had paid six-sevenths of the mortgage and the complainant had refused to pay any part, and that one-seventh of the mortgage was a lien on her seventh part of the quarter section and should be paid therefrom. In November the complainant amended the bill by striking out all reference to the residence property. The amendment makes no allusion to the fact that six-sevenths of the mortgage had been paid by the defendants, and that the partition should subject her portion of the premises to the seventh of the mortgage that equitably should be paid from her share of the premises.

The court decreed a partition of the premises and that the interest of complainant be subject to the payment of the unpaid one-seventh part of the mortgage. The premises were reported indivisible and thereafter sold. Complainant then sought to have a solicitor's fee taxed as costs and paid from the proceeds. The court refused to tax a solicitor's fee as costs. The complainant appeals.

The only question before this court is the right of the complainant to have a solicitor's fee taxed as costs in the case against all the parties. The original bill prayed for a partition of the quarter section of land and the residence property. The partition of the residence property was only sought if the sale at auction, made two days before the bill was filed, should not be carried out by the parties making a deed to the purchaser. At the time the residence property was sold, the parties had an offer of $100 an acre for the farm land. The complainant refused to sell the farm at $100 an acre but insisted on $125 an acre. The farm was appraised by the commissioners at $102, and was sold at $85.25 per acre.

After the answer of the defendants was filed, and upwards of three months after the residence was sold, the complainant amended her bill by omitting all reference to the residence, which had been sold at auction by agreement of the parties. She well knew when the bill was amended that the defendants had paid their six-sevenths of the mortgage on the farm from their part of the proceeds of the sale of the residence.

She also knew that she had not paid the part for which her share of the farm was liable. The complainant and most of the defendants discussed the question of selling the farm at a private sale or at auction and whether it should be sold on the 16th day of August, when the house was sold. Two days thereafter she employed counsel and filed the bill for partition without mentioning the matter to the other tenants in common.

When she amended her bill she did not accurately set forth the interests of the tenants in common for the reason her portion of the premises was liable for the payment of one-seventh of the mortgage while the other heirs had paid their proportion of the mortgage. Rights and interests are not set forth in such manner as to authorize the allowance of solicitor's fees as costs unless every interest of every character is correctly set forth. *Metheny v. Bohn,* 164 Ill. 495; *Joest v. Adel,* 209 Ill. 432. Complainant was not acting in good faith in the matter. To entitle a party to have solicitor's fees taxed as costs the solicitor should be employed and act for all the parties. Partisanship on the part of counsel in favor of one tenant in common deprives the party of the right to have counsel fees taxed as costs. It was necessary for the other tenants in common to employ counsel to protect their interests, and complainant was not entitled to have her solicitor's fees taxed as costs in the case. There is no error in the decree and it is affirmed.

*Affirmed.*